UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
Northern DIVISION

# CIVIL RIGHTS COMPLAINT FORM

## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Brion C Hutchins,
Inmate # M73979.
(Enter full name of Plaintiff)

vs.

CASE NO: 4:14cv302-MW/GRJ
(To be assigned by Clerk)

Officer Jody Fruchtnicht,
______________________,
Sergeant David E. McCranie,
______________________,
______________________.

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

PROVIDED TO
HOLMES CI ON
AUG 18 2014
FOR MAILING

Filed0821'14USDcFlnd PM1105

MM

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Brian C. Hutchins
Inmate Number M73979
Prison or Jail: Holmes Correctional Institution
Mailing address: 3142 Thomas Drive
Bonifay Fl, 32425

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1) Defendant's name: Jody Fruchtnicht
Official position: Feild officer
Employed at: Tallahassee Police Department
Mailing address: 234 East Seventh Ave
Tallahassee Fl, 32303

(2) Defendant's name: Sergeant David E. McCranie
Official position: Shift Supervisor
Employed at: Tallahassee Police Department
Mailing address: 234 East Seventh Ave
Tallahassee Fl, 32303

(3) Defendant's name: ____________
Official position: ____________
Employed at: ____________
Mailing address: ____________

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(✓) No( )

1. Parties to previous action:
   (a) Plaintiff(s): Brian C. Hutchins
   (b) Defendant(s): Judy Fruehtenicht, Carissa Beck, David McCranie
2. Name of judge: Gary Jones Case #: 4:14cv302-MW-GRJ
3. County and judicial circuit: Leon County / Northern District
4. Approximate filing date: June 20 2014
5. If not still pending, date of dismissal: Pending
6. Reason for dismissal: N/A
7. Facts and claims of case: Violation of fourth Amendment Unreasonable seizure

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( ) No(✓)

1. Parties to previous action:
   a. Plaintiff(s): ______
   b. Defendant(s): ______
2. District and judicial division: ______
3. Name of judge: ______ Case #: ______
4. Approximate filing date: ______
5. If not still pending, date of dismissal: ______
6. Reason for dismissal: ______

7. Facts and claims of case: ________________________________________

________________________________________________

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( ) No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): ________________________________
   b. Defendant(s): ________________________________
2. District and judicial division: ________________________________
3. Name of judge: ________________ Case #: ______________
4. Approximate filing date: ____________________________
5. If not still pending, date of dismissal: __________________
6. Reason for dismissal: ________________________________
7. Facts and claims of case: ________________________________

________________________________________________

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( ) No(✓)

1. Parties to previous action:
   a. Plaintiff(s): ________________________________
   b. Defendant(s): ________________________________
2. District and judicial division: ________________________
3. Name of judge: ____________________ Case Docket # __________
4. Approximate filing date: _____________ Dismissal date: __________
5. Reason for dismissal: ________________________________

6. Facts and claims of case: ______________________________

______________________________

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (**If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.**)

After March 15, 2013 Plaintiff received his discovery from his defense Council. Upon review of his discovery, Five officers of Tallahassee Police Department wrote their Police reports of the Dec 29, 2012 incident. The officers who furnished these reports were Officer Monday, Officer Martinez, Officer Combs, Officer Beck, and Officer Halvorsen. Officer Jody Fruehtnicht # 506 who arrested plaintiff, shot a taser, and applied excessive force name was not listed amongst the officers. Assistant State Attorney Wade D. White took a firm oath in front of Notary Public Richard Williams stating in good faith that all the reports, written statements, evidence, etc in the case was disclose to Plaintiff defense Council.

At Plaintiff trial, defense Council ask defendant Fruehtnicht did he File a Use of Force Report. Under Oath, defendant testified he did. Defense Council then ask for a Side bar in which he address to the court that he did not have defendant's report and ask the state if they had one in which the state denied ever having one. In fact, the state never knew one "Existed". The court found this to be a discovery violation and decided to hold a Richardson hearing during the Jury recess. At the Richardson hearing, the court ask the state weother they considered this to be a substantial violation. The state responded that they have a system called the "EDMS" report that links all the TPD Police Reports, property, receipts, etcetera that are associated with a particular case. Everything that was in

in their system was in Plaintiff discovery and that defendant's report is not within the system.

In retrospect to Dec 24, 2012 5 Officers incident reports were sent to their supervisors for verification. Officer Carrissa Beck, Officer Janie Martinez and Officer Michael Combs sent their reports to Sergeant David E. McCranie. Sergeant McCranie verified Officer Martinez Report Dec 30, 2012 at 01:54 and Officer Beck Report Dec 31, 2012 at 01:03. In Officer Beck Report were pictures of Plaintiff injuries. Both Reports stated defendant Fruchtnicht applied a taser application to Plaintiff who then was transported to Tallahassee Memorial Hospital for injuries he sustained. After the report were verified, Sergeant McCranie knew who used such unreasonable force.

Defendant Fruchtnicht and McCranie knew that dental fractures, Scalp Contusions and abrasions to knees, face and arms would not be justified for a taser shot to Plaintiff Back "after" he surrendered to Fruchtnicht request to get on the ground. They then conspired with each other that a Use Of Force Report should not be written in this circumstance. Due to TPD Policy General Order 63, If the report was filed, Internal Affairs would have to conduct a thorough investigation about the amount of injuries inflicted to Plaintiff by a taser shot and would infer that the force used to Hutchins was "excessive" and would be a Constitutional violation of Plaintiff rights which would result and disciplinary actions to defendant Fruchtnicht. Therefore, Instead of enforcing TPD policy they decided to neglect their duty to file and enforce the Use Of Force Report from reaching the desk of the Internal Affairs and be obscure from the discovery denying Plaintiff his rights to redress the courts of Florida.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Officer Jody Fuchatnicht # 506 and Sergeant David E. McCranie violated Plaintiff Brian Hutchins Fourteenth Amendment; Substantive and Due Process Rights of Privileges and Immunities to seek redress in the Courts Of Florida in Conspiring to cover up the Use Of Excessive Force by neglecting their Affirmative duty to File and enforce The Use Of Force Report; an Essential Policy of The Tallahassee Police Department.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

See Attached

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

8-18-2014
(Date)

Brian C. Hutchins
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the 18 day of August, 2014.

Brian C. Hutchins
(Signature of Plaintiff)

Revised 03/07

# VII. Relief Requested

Plaintiff respectfully prays this court enter judgement granting Plaintiff:

1) Declaration that the acts and omission described herein violated plaintiff rights under the Constitution and law of the United States.

2) Compensatory damages for intentional Infliction of emotional distress in the amount of $150,000 against each defendant.

3.) Punitive damages in the amount of $200,000 against each defendant Jointly and severally.

4.) A jury trial on all issues triable by Jury

5.) Plaintiff's Cost in this Suit

6.) Plaintiff's Attorneys fees in this Suit

7.) Any additional relief this court deems, Just proper and equitable

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing complaint has been furnished by regular U.S. Mail to the U.S. District Court, Northern District of Florida, 401 S.E. 1st Ave., Suite 243, Gainesville, FL 32601; and to counsel for the defendants, Billy Hendrix, FBN: 849329 at City Attorney's Office, 300 South Adams St., Box A-5, Tallahassee, FL 32301, on this very day of 8-18-2014.

Brian C. Hutchins

Brian C. Hutchins
DC# M73979
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, FL 32425

Brian C. Hutchins M73979
Holmes Correctional Institution WC
3142 Thomas Drive
Bonifay Fl, 32425
Bunk B1- 121L

MAILED FROM A STATE
CORRECTIONAL
INSTITUTION

TO: U.S. District Court
Northern District of Florida
401 SE. 1st Ave
Suite 243
Gainesville Fl, 32601

PROVIDED TO
HOLMES C! ON
AUG 1 8 2014
FOR MAILING