IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C. HUTCHINS,
Plaintiff,

vs. Case No. 4:14cv302-MW/GRJ

OFFICER JODY FRUCHTNICHT,
OFFICER CARISSA BECK,
and SERGEANT DAVID MCCRANIE
Defendants.
_____________________________________/

**DEFENDANTS' MOTION TO DISMISS**
**WITH MEMORANDUM OF LAW**

Come now Defendants, Officer Jody Fruchtnicht (Officer Fruchtnicht), Officer Carissa Beck (Officer Beck) and Sergeant David McCranie (Officer McCranie),[1] by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(6), move this Court to dismiss plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 11) against them and as grounds therefore, state:

**MOTION TO DISMISS**

1. Plaintiff's Complaint, brought under 42 U.S.C. § 1983, generally alleges that during his arrest on December 29, 2012, Officer Fruchtnicht engaged in the use of excessive force against Plaintiff; that Officer Beck, while engaged in other police duties, was in voice and physical contact with Officer Fruchtnicht and failed to

[1] At all times pertinent hereto, and specifically on December 21, 2012, Officer McCranie was a Tallahassee Police Department (TPD) Sergeant and Officer Fruchtnicht's immediate supervisor. Officer McCranie is not now a TPD Sergeant.

prevent Officer Fruchtnicht from using excessive force against Plaintiff; that Officer McCranie failed to properly supervise Officer Fruchtnicht; and Officer McCranie and Officer Fruchtnicht conspired to deprive Plaintiff of his Fourth Amendment right that a use of force report be prepared and submitted by Officer Fruchtnicht regarding the force he used against Plaintiff during his arrest on December 29, 2012.

2. Plaintiff's Amended Compliant, also brought under § 1983, generally alleges that Officer McCranie and Officer Fruchtnicht conspired to deprive Plaintiff of his Fourteenth Amendment substantive due process right to seek the redress of Florida Courts by Officer Fruchtnicht's failure to prepare and submit a use of force report regarding the force he used against Plaintiff during his arrest on December 21, 2012.

3. Each defendant is entitled to qualified immunity, since any action he/she may have taken or refrained from taking was done while acting within the course and scope of his/her employment as a police officer with the City of Tallahassee.

4. Plaintiff's claims of a conspiracy should be dismissed with prejudice based upon application of the "intracorporate conspiracy doctrine."

5. Plaintiff's claim that Officer Beck failed to prevent Officer Fruchtnicht from using excessive force on Plaintiff should be dismissed with prejudice for failure to state a claim upon which relief can be granted because Plaintiff has failed to allege any plausible facts to support said claim.

6. Plaintiff's claim against Officer McCranie for supervisory liability should be dismissed with prejudice for failure to state a claim upon which relief can be granted because Plaintiff has failed to allege any plausible facts to support a claim of supervisory liability.

7. Plaintiff's claim that Officer Fruchtnicht and Officer McCranie violated his Fourteenth Amendment right to substantive due process to seek redress of Florida Courts should be dismissed with prejudice for failure to state a claim upon which relief can be granted because Plaintiff has failed to allege any plausible facts to support said claim.

WHEREFORE, for the reasons set for above, Defendants respectfully request this Court dismiss all claims against them.

## MEMORANDUM OF LAW

Pursuant to Local Rule 7.1(A), Defendants provide the following memorandum of law in support of their Motion to Dismiss.

## STATEMENT OF FACTS

On December 29, 2012, after plaintiff was told he was under arrest, he resisted that arrest by fleeing. Plaintiff alleges that after he was caught that Officer Fruchtnicht used excessive force against him. Plaintiff also alleges that while he was on the ground after he had been tased by Officer Fruchtnicht that he heard Officer Beck's voice. He further alleges that while Officer Fruchtnicht was leading him to his police car he heard Officer Beck engaging in other police work, that being

radioing other police officers of the current status and location (Doc. 1, p. 6). Plaintiff alleges that while Officer Beck was engaged in other police work that Officer Fruchtnicht was again using excessive force against him. Plaintiff makes the conclusory allegation that while Officer Beck was engaged in other police work that she was within physical and verbal contact with Officer Fruchtnicht and did not intervene to stop the alleged use of excessive force.

Plaintiff also alleges that Officer McCranie (then Sgt. McCranie) failed to properly supervise Officer Fruchtnicht and that the two officers engaged in a conspiracy to violate Plaintiff's Fourth and Fourteenth Amendment rights. Finally, Plaintiff alleges his Fourteenth Amendment right to seek redress from the Florida Courts was violated by Officer Fruchtnicht's failure to prepare and submit a use of force report as required by TPD policy.

## STANDARD OF REVIEW

A motion to dismiss should be granted unless Plaintiff pleads **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[2] This is so because

> the tenet that a court must accept as true all of the allegations contained in a compliant is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior

---

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

> era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.[3]

A complaint must contain more than "labels and conclusions and a formulaic recitation of the elements of a cause of action will not do."[4] The complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief.[5] The complaint must set forth facts---not mere labels or conclusions---that "render plaintiff's entitlement plausible."[6] This Twombly/Iqbal plausibility standard applies to **ALL** civil actions because it interpreted Rule 8 of the Federal Rules of Civil Procedure.[7]

In considering a motion to dismiss, the District Court should apply a two-pronged approach.[8] First, the District Court should identify and disregard all conclusory allegations that are not supported by specific factual allegations; conclusory allegations are not entitled to an assumption of truth. Second, the court should assume that well pleaded factual allegations are true, and then determine whether these facts plausibly give rise to an entitlement to relief.[9] This Court should apply this two-pronged plausibility standard of review herein.[10]

---

3 Id. at 1959-50.
4 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).
5 Id. at 557.
6 Id. at 569 n. 14.
7 American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010); See also Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010).
8 Scott, at 709-10.
9 Id.
10 Arroyo v. Judd, 2010 WL 3044053 *2 (M.D. Fla. 2010) (Although the Eleventh Circuit imposes no heightened pleading requirement, "[a] district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth-legal conclusions must be supported by factual allegations." citing Scott at 709-10).

## ARGUMENT AND AUTHORITY

**A. Plaintiff's conspiracy claims are barred by the intracorporate conspiracy doctrine and those claims should be dismissed.**

Plaintiff claims that Officers Fruchtnicht and McCranie, each of whom were employees of the City at all pertinent times herein, conspired with each other to deprive Plaintiff of his Fourth and Fourteenth Amendment rights. Plaintiff's conspiracy claim should be dismissed with prejudice based upon application of the "intracorporate conspiracy doctrine." In Dickerson v. Alachua County Commission,[11] the Eleventh Circuit explained that under the intracorporate conspiracy doctrine a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves. The doctrine itself stems from basic agency principles that attribute the acts of agents of a corporation to the corporation, so that all of their acts are considered to be those of a single actor.[12] The reasoning behind the intracorporate conspiracy doctrine is that it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself.[13]

In Denney v. City of Albany,[14] the Eleventh Circuit extended application of the intracorporate conspiracy doctrine to public entities such as the City and its personnel. Assuming arguendo that Plaintiff has properly plead a conspiracy claim,

---

[11] 200 F.3d 761, (11th Cir. 2000).

[12] See Dickerson, 200 F.3d at 766 (quoting Dussouy v. Gulf Coast Inv. Corp., 600 F.22d 594, 603 (5th Cir. 1981); See also United States v. Hartley, 678 F.2d 961, 970 (11th Cir. 1982)).

[13] Id.

[14] 247 F.3d 1172, 1190 (11th Cir. 2001).

the intracorporate conspiracy doctrine clearly bars such a claim against these defendants.

**B. Plaintiff has failed to allege plausible facts sufficient to state a claim against Officer Beck for failure to intervene.**

An officer who merely stands by while another officer commits a constitutional violation is not liable if he or she is "not in a position to intervene."[15]

Here Plaintiff alleges that Officer Beck, while engaged in other police duties, was evidently within earshot and in the same physical vicinity of where Officer Fruchtnicht was allegedly engaging in the use of excessive force against Plaintiff. There is no allegation, plausible or otherwise, that Officer Beck was in a position to intervene. Plaintiff's claim against Officer Beck should be dismissed with prejudice.

**C. Plaintiff has failed to allege plausible facts sufficient to state a claim against Officer McCranie for failure to supervise.**

Plaintiff alleges that Officer McCranie is being sued in his individual supervisory capacity. As such, Officer McCranie is entitled to qualified immunity, since any action he may have taken or refrained from taking in this matter was done while acting within the course and scope of his employment as a TPD Sergeant.[16]

It was well established in the Eleventh Circuit that (1) supervisory officials are not liable under §1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability and (2) for a plaintiff to state a §1983

---

[15] McCloud v. Fortune, 2005 WL 3274648 (N.D. 2005), citing Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir.1986).

[16] Riebsame v. Prince, 267 F.Supp.2d 1225, 1231 (M.D. Fla. 2003).

supervisory liability claim he must allege either that the supervisor personally participated in the alleged unconstitutional conduct or that there was a causal connection between the actions of a supervising official and the alleged constitutional deprivation.[17] Further, in a § 1983 action such as this case, Plaintiff must plead plausible facts showing that Officer McCranie, through his own individual acts, has violated the Constitution.[18]

Plaintiff's Complaint contains no factual allegations relating to Officer McCranie and supervisory liability. The complaint contains not a single plausible **factual** allegation that Officer McCranie took personal action against Plaintiff with the purpose or intent to violate his constitutional rights.[19] Plaintiff makes no factual allegations to support any of his conclusory allegations and under the appropriate standard of review, the Court should disregard all such conclusory allegations. The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous.[20]

A credible argument can be made that the United States Supreme Court has eliminated the § 1983 claim of supervisory liability.[21] However, Officer McCranie does not now make that argument because even under the Eleventh Circuit's prior precedent cited herein relating to supervisory liability, he is entitled to qualified

---

[17] Cottone v. Jenne, 326 F.3d 1352, 1360-61 (11th Cir. 2003).
[18] Iqbal at 1948; Keating v. City of Miami, 598 F.3d 753, 762-763 (11th Cir. 2010).
[19] Iqbal 129 S.Ct. at 1948; Keating at 762-763.
[20] Id.
[21] See Justice Souter's dissent in Iqbal at 1957.

immunity and to have Plaintiff's allegations of supervisory liability dismissed with prejudice.

**D. Plaintiff has failed to allege plausible facts sufficient to state a claim under the Fourteenth Amendment against Officers Fruchtnicht and McCranie for the violation of a federally protected right.**

Plaintiff alleges that Officer Fruchtnicht failed to prepare and submit a use of force report that was required by TPD policy and that Officer McCranie, as his Sergeant, failed to make sure he did so and in so doing was engaging in a conspiracy to cover up the alleged use of excessive force. However, an officer's failure to file a police report, in furtherance of an alleged conspiracy to cover-up wrong-doing, does not constitute an independent constitutional violation and therefore cannot support an alleged cover-up conspiracy claim.[22]

## CONCLUSION

WHEREFORE, defendants respectfully request this Court grant the requested relief.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail on this 29th day of September 2014 to Plaintiff, Brian C.

---

[22] Correia v. Town of Framingham, 969 F. Supp. 2d 89, 98 (D. Mass. 2013).

Hutchins, DC #M73979, Holmes Correctional Institute, 3142 Thomas Drive, Bonifay, FL 32425.

s/Billy J. Hendrix
Billy J. Hendrix
Assistant City Attorney
FBN: 849529
City Attorney's Office
300 South Adams Street, Box A-5
Tallahassee, Florida 32301
(850) 891-8554
Fax: (850) 891-8973
Billy.Hendrix@talgov.com
Attorneys for Defendants