**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**BRIAN C. HUTCHINS,**
Plaintiff,

**v.** **Case No: 4:14-cv-302-MW-GRJ**

**OFFICER JODY FRUCHTNICT,**
**OFFICER CARRISSA BECK,**
**SERGEANT DAVID MCCRUNIE,**
Defendants.
_______________________________/

**RESPONSE TO MOTION 12(b)6**

COMES NOW Plaintiff, Brian C. Hutchins, *pro se*, in response to Federal Rules of Civil Procedure 12(b)6 respectfully asks this Court to deny defendants' motion to complaint (Doc.1) and Amended complaint (Doc.11). In support thereof, Plaintiff states the facts as follow:

**Facts Relied Upon for Dismissal**

1. On December 29, 2012, Defendant Fruchtnicht used excessive force against Plaintiff while Officer Beck was in physical contact of Officer Fruchtnicht unprovoked beating and failed to intervene on Plaintiff's behalf.
2. On or about December 29, 2012, Sergeant McCranie and Officer Fruchtnicht conspired in depriving Plaintiff his Fourteenth Amendment Substantive Due Process Rights to seek redress in the courts of Florida by neglecting to file

Filed1110'14UsDcFln1PM1205

and enforce a use of force report regarding the justification Officer Fruchtnicht had to use to subdue Plaintiff.

3. On or about December 29, 2012, Sergeant David E. McCranie personally participated in depriving Plaintiff of his rights to redress the courts of Florida by creating a custom that resulted in deliberate indifference to Plaintiff's federal rights.

## Memorandum of Law

Pursuant to Federal Rules of Civil Procedure 8(f), Plaintiff provides the following memorandum of law in response to Defendants' motion to dismiss.

## Statement of Facts

On the night of December 29, 2012, Plaintiff Brian C. Hutchins initially resisted officers arrest. After a brief foot pursuit, Plaintiff decided to surrender and waited to be apprehended by police officials. Once acknowledged by Officer Jody Fruchtnicht, Plaintiff was tased while docily submitting to his commands to get on the ground. Once detained in handcuffs and on the ground, Plaintiff heard Carrissa Beck exchanging verbal words with Officer Fruchtnicht. Once the conversation ended, Plaintiff began being led to Officer Fruchtnicht patrol car while Officer Beck followed. As Officer Beck radioed the current status and location of the arrest, Officer Fruchtnicht used a takedown maneuver in response to Plaintiff's

verbal insult. Officer Fruchtnicht started applying unreasonable force in the presence of Officer Beck and Officer Beck failed to intervene on Plaintiff's behalf.

Upon Plaintiff's discovery on March 15, 2013, Officer Fruchtnicht's name was not listed amongst officers who filed police reports of the December 29, 2012 incident. Three of these officers' reports were verified by Sergeant David E. McCranie that stated the primary officer who used excessive force to Plaintiff. During Plaintiff's trial, Officer Fruchtnicht was asked did he file a use of force report. Under oath, he testified he did. The court found this to be a discovery violation and held a Richardson hearing. At the hearing, the court asked the State whether this would be a substantive violation. The State replied they have a system called EDMS Report that links ALL of TPD police reports, property, receipts, etc. that are associated with a particular case. Everything that was in the TPD system was in their system and the use of force report is not with the system.

## Standard of Review

A motion 12(b)6 should not be granted in defendants' favor. Defendants have not established Plaintiff failed to state a claim upon which relief may be granted. A complaint is to be liberally construed in favor of Plaintiff. See, Fed.R.Civ.P. 8(f); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 L.Ed.2d 80 (1957). Whether a complaint sufficiently states a claim is governed by the Supreme Court plausibility pleading framework. See, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct.

1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d (2007). Both Iqbal and Twombly pertain to whether a complaint contains sufficient matter to proceed beyond dismissal. See, *Iqbal*, 556 U.S. at 678. ("A claim has facial plausibility when the plaintiff pleads factual content that allows the courts to draw reasonable inferences that the defendants is liable for the misconduct alleged.") *Twombly*, 550 U.S. at 570. The courts do *not* require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. For a complaint to be plausible on its face, plaintiff must establish that under their version of facts, the official violated a constitutional right. *Christopher v. Harbury*, 536 U.S. 403, 153 L.Ed.2d 413, 70 USLW 4614.

**Excessive Force Liability**

A. PLAINTIFF ARGUES THAT DEFENDANT FRUCHTNICHT VIOLATED HIS FOURTH AMENDMENT UNREASONABLE SEIZURE

In excessive force content, the Fourth Amendment's freedom from unreasonable seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest. *Lee v. Ferrarro*, 284 F.3d at 1197 (citing *Graham v. Conner*, 490 U.S.) The Supreme Court instructs that the use of force must be judge on a case-by-case basis "from the perspective of a reasonable officer on the scene, rather than with the 20/20 version of hindsight." *Graham*, 490 at 396, 109 S.Ct. 1865. To balance the necessity of the use of force against the plaintiff's

constitutional rights, a court must evaluate several facts, including (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, (3) whether he is actively resisting arrest or attempting to evade arrest by flight. *Vinyard*, 311 F.3d at 1347 (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865). The gratuitous use of force when a plaintiff is not actively resisting arrest constitutes excessive force. *Hadley v. Gutierrez*, 526 F.3d 1324, 1330.

Each *Graham* factor supports that the amount of force the Defendant used on the Plaintiff was unreasonable. First, Plaintiff's crime was a burglary of an unoccupied dwelling, which is not the crime of the century. Second, he definitely did not pose an immediate threat to the officer or others. Third, although he was resisting before, he was not at the very moment the taser and force was applied from considering the effort and unreasonable force inferable from the tasing, slamming, punching, kicking the Plaintiff while in handcuffs, it was clearly unnecessary to apply such amount of force to a previously resisting Plaintiff who completely disengaged from resisting and docily submitted to Defendant's commands to get on the ground.

* NOTE * Upon review of Defendants' motion to dismiss, Defendants have not argued Officer Fruchtnicht's use of excessive force against the Plaintiff. By omitting their allegation, it is inferred in Plaintiff's complaint as being substantial

facts. The courts should examine this and infer that Plaintiff's complaint suffice a violation of his rights and deny Defendants' motion to dismiss for excessive force.

B. BYSTANDER LIABILITY

Defendants argue Plaintiff has failed to allege plausible facts sufficient to state a claim against Officer Beck for failure to intervene.

Plaintiff pleads if the facts show that Defendant Fuchntnicht violated a constitutional right, then Defendant Beck must be accountable for bystander liability. A police officer's liability for failing to intervene when another officer uses excessive force, only arises when the officer is in a position to intervene and fails to do so. See, *Priester v. City of Riviera Beach*, 208 F.3d 919, 927. To succeed on bystander liability under § 1983, Plaintiff must demonstrate that law enforcement officer (1) knew that fellow officer was violating individual constitutional rights; (2) had a reasonable opportunity to prevent harm; (3) chose not to act. *Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998).

Officer Beck testified that she assisted Officer Fuchntnicht in Plaintiff's arrest. After Plaintiff was secure in handcuffs, he began being led to the patrol car. During this brief walk, Defendant Beck was in physical contact of Defendant Fuchntnicht's unprovoked beating. While she radioed other officers of the current status and location, and *not* engaging in other police work, she could have verbally told Officer Fuchntnicht to stop, or physically restrained him from the use of

excessive force. As stated in Byrd v. Clark: One who is given the badge of authority of police officer may not ignore the duty imposed by her office and fail to stop other officers who summarily punish a third person in her presence or otherwise with her knowledge. Byrd v. Clark, 783 F.2d 1002, 1007). For these reasons, Officer Beck should not be granted a dismissal from the complaint for Plaintiff alleged facts show she was in a position to intervene on the brutal beating.

C. SUPERVISORY LIABILITY

Defendants argue Plaintiff has failed to allege plausible facts sufficient to state a claim against Sergeant McCranie for failure to supervise.

Plaintiff contends that Sergeant David E. McCranie personally participated in depriving Plaintiff of his constitutional rights to redress the courts by creating a custom that resulted in deliberate indifference. Although he may not have personally been involved in Officer Fuchntnicht's excessive force, he subsequently established a casual connection between him and his subordinate by neglecting the use of force report to be filed.

As the Fils and Maurice case has illustrated: A supervisor does not personally have to participate in an alleged violation but the supervisor may still be liable under § 1983 for the unconstitutional act of subordinates if there is a casual connection between actions of the supervising official and the alleged constitutional deprivation. A casual connection can be established when a history

of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so, or when the supervisory "*improper custom*" or policy resulted in **deliberate indifference** to Federal Constitutional rights. *Fils and Maurice v. City of Aventura*, 768 F.Supp.2d 1188). Id.

In Plaintiff's case, McCranie verified two of his subordinates' reports that stated Officer Fuchntnicht used force that resulted in Plaintiff being transported to the hospital for "*severe injuries*". It is by TPD that Officer Fuchntnicht writes a use of force report to justify his actions. It is Sergeant McCranie's affirmative duty that he *enforces* hi s subordinate to provide him that use of force report to verify whether Officer Fuchntnicht used reasonable force against the Plaintiff. If the report is not within the case, it can be inferred that McCranie created a **custom** to obscure the report from Plaintiff's case and from the TPD investigators resulting in deliberate indifference to federal protected rights of Plaintiff.

**Access to Courts Liability**

D. Defendant's argue Plaintiff has failed to allege plausible facts sufficient to state a claim under the Fourteenth Amendment against Officer Fuchntnicht and McCranie for violation of federal protected rights.

Plaintiff contends that Officer Fuchntnicht and McCranie violated his Fourteenth Amendment substantive due process of privileges and immunities by

depriving him of his rights to access the courts of Florida. Access to the courts is the basic system of the government and is clearly a constitutional right grounded in the First Amendment. The Article IV Privileges and Immunities clause. The Fifth Amendment and the Fourteenth Amendment. *Christopher v. Harbury*, 536 U.S. 403, 415, n. 12, 122 S.Ct. 2179, 153 L.Ed.2d 415 (2002). This constitutional right is lost where as here police officials shielded from the public and courts "KEY FACTS" which would form the basis of a claim for redress. Interference with the right of court access by police officers who "intentionally" conceal true facts about a incident may be actionable as a deprivation of constitutional rights under 42 U.S.C. §§ 1983, 1985. See, *Flores v. Sutz*, 137 F.3d 1275, 1278 n. 7 (Distinguishing between officials who intentionally conceal facts and those who fail to investigate fully; *Ryland*, 708 F.2d at 973.)

The failure of Officer Fuchntnicht and Sergeant McCranie to file a use of force report is denying Plaintiff his rights to redress the courts. By Fuchntnicht neglecting his affirmative duty to write the report clearly shows "CONSCIOUSNESS OF GUILT" as to his excessive force. *O'Neil v. Krzeminski*, 839 F.2d 9, 13.

Tallahassee Police Department takes filing a use of force report "vital information" as to the justification of an officer's use of force. TPD Policy General Order 63 instructs that when the use of force or other action by an officer results in

death or "SERIOUS INJURY", department staff will conduct a thorough investigation performed by TPD Criminal Homicide/Assault and Administrative Internal Affairs Investigators. As the record reflects, the use of force report was obscured from both departments and no investigation commenced.

Officer Fuchntnicht's 13-years in the police force and *former* Sergeant McCranie's official position evinced officers' knowledge and clarify of TPD policy and deliberately neglected their duty to file and enforce the report. If the use of force report was filed and in Plaintiff's discovery, Plaintiff would infer that Defendant Fuchntnicht's mere allegations that Plaintiff's *severe* injuries were caused by him falling face-first on concrete due to a taser application is frivolous and would have subsequently redressed the courts for this officer misconduct at an earlier time

Sergeant McCranie is also held liable for participating in this act of his subordinates. Sergeant McCranie verified three of his subordinates' reports. Two reports clearly illustrate that Officer Fuchntnicht used excessive force against Plaintiff requiring him to write a use of force report. Sergeant McCranie is directly liable because as Fuchntnicht's supervisor, it is his *affirmative* duty that he enforces his subordinate to write him a report to examine and verify whether his officer was acting in their discretional duties. It is clear from the inferences drawn above that these two officers decided that a use of force report be hidden from

Plaintiff's case, denying him his rights to redress the courts of Florida, for police brutality. * NOTE * Sergeant McCranie is no longer a sergeant in the Tallahassee Police Department. He has been demoted for his actions.

In conclusion, it is evident that under the Constitution the right of access to the courts is guaranteed and protected from unlawful interference and deprivations by police officials. The Supreme Court has **stressed** that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. It is futile to contend that the Civil Rights Act of 1871 has less importance to the constitutional scheme than does the Great Writ. Wherefore, Officers Fuchntnicht and McCranie shall be liable for deprivations of Plaintiff's rights to redress the courts of Florida and denied their motion to dismiss.

## Intracorporate Doctrine

E. Defendants claim Plaintiff's conspiracy is barred by the Intracorporate Conspiracy Doctrine and those claims should be dismissed

Plaintiff argues that the Intracorporate Conspiracy Doctrine does not apply to § 1983. It primarily deals with § 1985(3). Defendants have not once mentioned the Intracorporate Doctrine under § 1983. Plaintiff assert his conspiracy complaint is grounded in § 1983. § 1985(3) provides if **TWO** or more persons in any state or territory conspire to deprive any persons or class of persons of the equal protection of the laws then those persons can be held accountable for a 1985(3) violation. The

reason the Intracorporate Doctrine applies to § 1985(3) is that **TWO** or more persons conspiring to deprive a person of their rights cannot be considered as **two** persons working under the same company. One person is to be considered to be the corporation. Another employee of that company does not meet the element as the second person. (See *Dickerson*, 200 F.3d at 766). § 1985(3) directly serves the Intracorporate Doctrine allowing a corporation to act through its agents and of holding the corporation financially responsible for such actions. See, *Hartly*, 678 F.2d at 970; *Dussouy*, 660 F.2d at 603.

An action for conspiracy however, may also be maintained under § 1983 omitting the Intracorporate Doctrine. *Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir.) modified 583 F.2d 779 (5th Cir. 1978). Federal courts view conspiracy claims under § 1983 *differently* than similar claims under § 1985. This important distinction is explained in *Nesmith v. Alford*, 318 F.2d 110 (5th Cir. 1963), cert. denied 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964). A conspiracy under § 1983 is not an indispensable element at it is under § 1985, but it may be charged as the legal mechanism through which to impose liability on **Each** and **ALL** of the defendants without regard to the **person** doing the particular act. Conspiracy is asserted in that situation on **more** or **less** traditional principles of agency, partnership, joint venture and the like. *Ryland v. Shapiro*, 708 F.2d 967.

To maintain a conspiracy action under § 1983 it is **necessary** that there have been an actual denial of due process or of equal protection by someone acting under **color of state law**. Hanna v. Home Insurance Company, 281 F.2d 298, 303 (5th Cir. 1960) cert. denied 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747 (1961). The district courts acknowledged that five courts of appeals "have held that conspiracies to **destroy** or **cover up** evidence of a case that render a plaintiff's judicial remedies inadequate or ineffective violates the right of access. In cases of this sort, the essence of the access claim in a § 1983 is that the officials actions was presently denying an opportunity to litigate. In Plaintiff's case, the cover up of the use of force report rendered his rights to redress the courts of Florida. The loss of an opportunity to sue, e.g., Swekel v. River Rouge, 119 F.3d 1259, 1261 (C.A. 6 1997).

## CONCLUSION

WHEREFORE, Plaintiff concludes that all his claims shall move forward herein. His factual contentions pursuant to Fed.R.Civ.P. 8(f) has demonstrated that Defendants are not entitled to a Motion to Dismiss and shall continue with further legal proceedings.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing response has been furnished by regular U.S. Mail to counsel for defendants: Billy J. Hendrix, FBN: 849529 at City Attorney's Office, 300 South Adams Street, Box A-5, Tallahassee, FL 32301 on this date: Nov 6, 2014

Respectfully Submitted,

Brian Hutchins, DC# M73979
Holmes Work Camp
3182 Thomas Drive
Bonifay, FL 32425

# Certificate Of Service

I HEREBY CERTIFY that a true and Correct copy of the foregoing has been Via U.S. Mailed to Ginger Barry Boyd Florida Bar Number 0294550 and Lacey D. Corona Florida Bar Number 66454 at Broad and Cassel 4100 Legendary Drive, Suite 280 Destin, Florida 32541 on this very day of Nov 6, 2014

Bru C Hutchins
Signature

Respectfully Submitted,

Brian C. Hutchins
DC Number M73479
Holmes Correctional Institution
3142 Thomas Drive
Bonifay Fl, 32425

PROVIDED TO
HOLMES CI ON
NOV 06 2014
BH
FOR MAILING

Brian C Hutchins M73479
Holmes Correctional Institution WC
3182 Thomas Drive
Bonifay Fl, 32425
Bunk B1- 121 L



United States District Court
Northern District Of Florida
Office Of The Clerk
401 S.E. 1st Avenue Suite
243 Gainesville Fl
32601-6805

PROVIDED TO
HOLMES CI ON
MAILING