IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C HUTCHINS,

    Plaintiff,

v.                                      CASE NO. 4:14-cv-302-MW-GRJ

OFFICER JODY FRUCHNTNICHT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' to Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Doc. 15.  Plaintiff has responded to the motion, Doc. 17, and therefore the motion is ripe for review.  After careful consideration of the motion and the response, the Court concludes that the motion to dismiss is due to be **GRANTED in part and DENIED in part**.

### I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's Complaint and Amended Complaint allege that on the night of December 29, 2012, while Plaintiff was in the backyard of a foreclosed property, he was confronted by Tallahassee Police Department (TPD) Officer Jody Fruchtnicht.  Plaintiff fled, leading Fruchtnicht on a 30 to 45 minute chase that was joined by other officers.  Plaintiff began to have an asthma attack and decided to surrender.  Plaintiff alleges that he complied with Fruchtnicht's order to get on the ground, but that Fruchtnicht then tased Plaintiff and handcuffed him.  While leading Plaintiff to the car, Fruchtnicht used racial epithets and then punched and kicked Plaintiff.  Plaintiff alleges that Fruchtnicht slammed Plaintiff's head against the police car.  Plaintiff alleges that he suffered dental

fractures, scalp contusions, and abrasions, and was rendered unconscious. Plaintiff alleges that Officer Carissa Beck was present during the use of force, within physical and verbal contact of Fruchtnicht, but did not intervene to stop Fruchtnicht. Plaintiff alleges that such force was used after Plaintiff had surrendered to Fruchtnicht by obeying his request to get on the ground. Plaintiff alleges that Fruchtnicht failed to complete a required "use of force" report, and that his supervising officer, David McCranie, failed to enforce TPD policy requiring Fruchtnicht to prepare a report. Plaintiff alleges that Defendants violated his rights under the Fourth Amendment and that Fruchtnicht and McCranie conspired to cover up the use of excessive force by Fruchtnicht. Plaintiff alleges that because no use of force report was prepared the use of force was not properly investigated, and the report was not part of the discovery in his criminal case. Plaintiff contends that he was thereby deprived of his Fourteenth Amendment due process right to seek redress in state court. Docs. 1 and 11.[1]

## II. DEFENDANTS' MOTION TO DISMISS

In support of their motion to dismiss, Defendants assert the following arguments: (1) Plaintiff's conspiracy claims are barred by the "intracorporate conspiracy doctrine," (2) Plaintiff fails to allege plausible facts supporting his claim that Officer Beck failed to prevent the use of force; (3) Plaintiff's claims against Officer McCranie should be dismissed because Plaintiff has failed to allege any plausible facts to support a claim of supervisory liability; and (4) Plaintiff's claim that Fruchtnicht's and McCranie's actions

---

[1]The Amended Complaint, Doc. 11, sets forth the factual basis for Plaintiff's Fourteenth Amendment claim.

violated his Fourteenth Amendment due process right to seek redress in the courts should be dismissed because Plaintiff has failed to allege plausible facts supporting such claim. Doc. 15 at 6-10.

## III.  STANDARD OF REVIEW

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).

Further, "While the pleadings of *pro se* litigants are 'liberally construed,' they

must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[2]

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell,* 550 U.S. at 555 (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Iqbal*, 556 U.S. at 680-84 (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

---

[2] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

## III.  DISCUSSION

A.     **Conspiracy Claims**

To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that defendants "reached an understanding to violate his rights." *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (citations omitted.)  A claim of conspiracy requires "that Plaintiff provide more than a label or a conclusion," and "Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show that an agreement was made." *Oden v. Thomas*, 2013 WL 5502963 (M.D. Ala. 2013) (adopting Magistrate Judge's recommendation that inmate defendants be dismissed because Plaintiff did not sufficiently allege conspiracy with defendant state actors.)

Plaintiff's allegations are too vague to support a conclusion that Fruchtnicht and McCranie conspired to violate his rights in connection with Fruchtnicht's alleged failure to prepare a use of force report.  Assuming that Fruchtnicht was required to prepare a report and failed to do so, Plaintiff has alleged no facts showing that such failure was the result of a conspiracy between the two defendants to cover up Fruchtnicht's alleged use of excessive force.

Defendants also argue that Plaintiff's conspiracy claims are barred by the intracorporate conspiracy doctrine. Under the intracorporate conspiracy doctrine a corporation cannot conspire with its employees, and employees of the same corporation working in the scope of their employment cannot conspire among themselves.  *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir.

2000). The Eleventh Circuit has extended application of the intracorporate conspiracy doctrine to public entities and their employees. *Denney v. City of Albany*, 247 F.3d 761 (11th Cir. 2000). Thus, even if Plaintiff alleged facts stating a plausible claim of conspiracy between Fruchtnicht and McCranie, because both Defendants are employed by the same public entity, the TPD, Plaintiff's claims would be barred by the intracorporate conspiracy doctrine. *See Detris v. Cole*, 523 Fed.Appx. 612 (11th Cir. 2013) (unpublished) (holding "the intracorporate conspiracy doctrine prohibits a § 1983 claim against law enforcement officers in their individual capacities . . . as well as claims that do not seek to hold the corporate entity itself responsible") (citing *Rehbeg v. Paulk*, 611 F.3d 828 (11th Cir. 2010); *Dickerson v. Alachua County Commission*, 200 F.3d 761 (11th Cir. 2000)); *see also Claudio v. Crews*, 2014 WL 1758106, Case No. 5:13-cv-354-MP-EMT (N.D. Fla. May 1, 2014) (adopting Report and Recommendation that Plaintiff's conspiracy claims against DOC employees be dismissed pursuant to the intracorporate conspiracy doctrine).

    Accordingly, because Plaintiff has not alleged sufficient facts to support a claim for conspiracy, and even if he had, his claim would be barred by the intracorporate conspiracy doctrine, Plaintiff's conspiracy claim is due to be dismissed.

**B. Failure to Intervene**

    "[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force[ ] can be held liable for h[er] nonfeasance." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir.1985). In order for an officer to be liable for failing to stop police brutality, the officer

must be "'in a position to intervene.'" *Ensley v. Soper* 142 F.3d 1402, 1407 (11th Cir. 1998) (quoting *Thompson v. Boggs*, 33 F.3d 847, 857 (7th Cir.1994)).

The instant motion to dismiss does not address whether Fruchtnicht's use of force against Plaintiff was unreasonable. Defendants argue only that Plaintiff's allegations are insufficient to show that Officer Beck was in a position to intervene in Fruchtnicht's alleged excessive use of force. Defendants concede, however, that Plaintiff has alleged that Beck "was evidently within earshot and in the same physical vicinity of where Officer Fruchtnicht was allegedly engaging in the use of excessive force against Plaintiff." Doc. 15 at 7. The Eleventh Circuit has held that a bystander officer who observes a use of excessive force while "in voice contact" with the arresting officer for a sufficient period of time to intervene can be liable for failing to intervene to stop the attack. *Priester v. City of Riviera Beach*, 208 F.3d 919, 925 (11th Cir. 2000); *see also Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986) ("If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.").

In view of this authority and liberally construing Plaintiff's complaint, as the Court must, the Court concludes that Plaintiff's allegation that Officer Beck was present during the use of force, within physical and verbal contact of Fruchtnicht, is sufficient to state a claim for failing to intervene.

**C.   Claims against Defendant McCranie**

Supervisory officials are not liable under § 1983 for the unconstitutional acts of

their subordinates on the basis of *respondeat superior* or vicarious liability. To be liable the claimant must show that the official "personally participate[d]" in the act or there was "causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

As discussed above, Plaintiff's claim that McCranie conspired with Fruchtnicht is due to be dismissed. Beyond Plaintiff's conspiracy claim, Plaintiff has alleged no facts showing a causal connection between the constitutional violation—here, Fruchtnicht's alleged use of excessive force—and any action by McCranie. To the extent that the Complaint may be liberally construed as asserting that McCranie ratified Fruchtnicht's use of force by failing to ensure a report was prepared or otherwise investigating the incident, such claim also fails. Plaintiff has alleged no facts suggesting that McCranie's alleged failure stemmed from a pattern of unconstitutional conduct. A failure to investigate a single incident is insufficient to establish that McCranie or the TPD ratified Fruchtnicht's alleged use of excessive force such that liability under § 1983 is triggered. *See Salvato v. Miley*, ___ F.3d ___, 2015 WL 3895455 *8 (11th Cir. 2015). The Court therefore concludes that Plaintiff's claims against McCranie are due to be dismissed.

D.    **Fourteenth Amendment Claim**

Plaintiff alleges that the failure to prepare a use of force report deprived him of a Fourteenth Amendment right to seek redress in state court because the incident was not properly investigated. Docs. 1 and 11. This claim is somewhat difficult to construe. Again, the gravamen of Plaintiff's constitutional claim is that he was subjected to an excessive use of force during his arrest, in violation of the Fourth Amendment. The

failure to prepare a use of force report may have evidentiary implications for an excessive-force claim, but Plaintiff points to no authority suggesting that such failure is itself a freestanding constitutional violation that gives rise to liability under 42 U.S.C. § 1983.   The Court therefore concludes that this claim is due to be dismissed.

## IV. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss for failure to state a claim, Doc. 15, should be **GRANTED IN PART and DENIED IN PART** as follows:

1. Plaintiff's claims of conspiracy against Defendants should be **DISMISSED.**

2. Plaintiff's claims against McCranie, which are premised on supervisory liability, should be **DISMISSED**.

3. Plaintiff's Fourteenth Amendment claims stemming from the alleged failure to prepare a use of force report should be **DISMISSED**.

4. The case should be referred back to the undersigned for further proceedings.

**IN CHAMBERS**, at Gainesville, Florida, this 26th day of June 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.