IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C. HUTCHINS,
Plaintiff,

vs. Case No. 4:14cv302-MW/GRJ

OFFICER JODY FRUCHTNICHT,
OFFICER CARISSA BECK,
and SERGEANT DAVID MCCRANIE
Defendants.
_________________________________/

**DEFENDANTS' ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

Come now Defendants, Officer Jody Fruchntnicht (Officer Fruchntnicht) AND Officer Carissa Beck (Officer Beck), by and through their undersigned counsel, and file the following answer and affirmative defenses to the plaintiff's Complaint (Doc. 1):[1]

## JURISDICTION

1. Defendants admit that Plaintiff has filed a civil action seeking damages under 42 U.S.C. § 1983, but deny that Plaintiff's claims have merit.

2. Jurisdiction and venue are admitted.

3. Defendants admit the Court has discretion to grant supplemental jurisdiction.

---

[1] The claims in plaintiff's amended complaint were dismissed by the Court's Order dated ______ (Doc. __).

## INCIDENT 1

4. Defendants admit that plaintiff was advised he was under arrest and fled from Tallahassee Police Department (TPD) officers. All other allegations contained in Incident 1 are denied.

## INCIDENT 2

5. All allegations contained in Incident 2 are denied.

## INCIDENT 3

6. All allegations contained in Incident 3 are denied.

## STATEMENT OF CLAIMS

7. All allegations contained Claim 1 are denied.

8. All allegations contained Claim 1.1 are denied.

9. All allegations contained Claim 2 are denied.

10. A jury trial is demanded on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to allege sufficient allegations to state a claim for which relief can be granted.

### Second Affirmative Defense

The conduct of the defendants was not the proximate cause of any injury to the Plaintiff because circumstances and events leading to the alleged injuries were

not foreseeable to the defendants, were consequences of the conduct of the Plaintiff, and were too remote in time and a place from any conduct attributable to the defendants.

**Third Affirmative Defense**

Plaintiff has failed to fully comply with the mandatory notice of provisions contained in Florida Statute § 768.28.

**Fourth Affirmative Defense**

Any actions by the individual defendants toward Plaintiff were in good faith and without malice and based on facts and circumstances that gave them cause to interact with Plaintiff in the manner they did.

**Fifth Affirmative Defense**

Plaintiff has failed to mitigate his damages.

**Sixth Affirmative Defense**

Defendants are entitled to any setoff or any annual payments or collateral sources that Plaintiff received or is entitled to receive from any third parties of as result of his alleged injuries pursuant to Florida Statute § 768.76.

**Seventh Affirmative Defense**

Officer Fruchtnicht and Officer Beck are entitled to qualified immunity for their actions which were taken pursuant to their discretionary authority as Tallahassee police officers and their conduct did not violate any clearly established

a statutory or constitutional right of which a reasonable person would have known; nor did Officer Fruchtnicht or Officer Beck know or could they be expected to reasonably know their actions would violate an alleged constitutional norm as alleged in Plaintiff's Complaint. Officer Fruchtnicht and Officer Beck further allege that at all times herein mentioned the acted in good faith and without malice in the course and scope of their duties as a law enforcement officer.

**Eighth Affirmative Defense**

At no time did Officer Fruchtnicht or Officer Beck actually deprive Plaintiff of any clearly established constitutional rights.

**Ninth Affirmative Defense**

Plaintiff has unclean hands.

**Tenth Affirmative Defense**

Officer Fruchtnicht and Officer Beck are not liable for punitive damages because none of their actions were taken or committed with malice, fraud, wantonness, or oppression or entire want of care which would raise the presumption of conscious indifference to the consequences to the rights of Plaintiff by clear and convincing evidence.

**Eleventh Affirmative Defense**

Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or investigation.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 6th day of July 2015, a true and correct copy of the foregoing has been furnished to all counsel registered to be notified by the CM/ECF electronic mail system and by U. S. Mail to plaintiff, Brian C. Hutchins, DC #M73979, Wakulla Correctional Institution –Annex, 110 Melaleuca Drive, Crawfordville, Florida 32327.

*s/Billy J. Hendrix*
Billy J. Hendrix
Assistant City Attorney
FBN: 849529
City Attorney's Office
300 South Adams Street, Box A-5
Tallahassee, Florida 32301
(850) 891-8554
Fax: (850) 891-8973
Billy.Hendrix@talgov.com
Attorneys for Defendants

*/s Ginger Barry Boyd*
Ginger Barry Boyd, P.A.
FBN: 0294550
BROAD AND CASSEL
4100 Legendary Drive, Suite 280
Destin, Florida 32541
(850) 269-0148
Fax: (850) 521-1472
gbarry@broadandcassel.com
Counsel for Jody Fruchtnicht