# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

Brian C. Hutchins,
Plaintiff,

vs. Case NO: 4:14-cv-302-MW-GRJ

OFFICER JODY FRUCHNTNICHT, etal.,
Defendants

## Motion To Object

Pending for a final order is defendants Motion 12(b)6 (Doc.15.) Plaintiff has replied defensively to the motion in (Doc.17.) The magistrate judge has recommended Plaintiff claims be granted in part and denied in part. Plaintiff respectfully ask this court to grant following said claims:

- Excessive Force Liability
- Bystander Liability
- Supervisory Liability
- Conspiracy Liability

## FACTS RELIED UPON

I The magistrate Judge has carefully reviewed both parties motions and has concluded Plaintiff allegations is sufficient to state a claim for excessive Force.

II The magistrate Judge has concluded since defendants Concede with plaintiff that defendant Beck was evidently within earshot and in the Same physical vicinity of where Fruchntnicht was engaging in the Use Of Excessive Force, Plaintiff allegations is sufficient to state a ~~claim for~~ by stander Liability.

LEGAL MAIL
PROVIDED TO WAKULLA CI ANNEX
JUL 10 2015
FOR MAILING BH

Filed0716'15UsDcFln1PM1218 MW

III. Defendant McCranie established a causal connection between him and his subordinate by directing or allowing unlawful acts of defendant Fruchtnricht in failing to exercise his authority to enforce Fruchtnicht Use Of Force Report.

IV. Defendant McCranie and defendant Fruchtnricht Conspired in depriving plaintiff Fourth Admendment rights by obscuring the Use Of Force Report from his case and from TPD Internal Affairs Investigators.

## Standard Of Review

In a defendant's Motion To Dismiss, Courts must view allegations of plaintiff's Complaint in his favor. They must consider his allegations in the Complaint as true and accept all reasonable inference therefrom. See, e.g. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1352, 1534 (11th Cir 1994). Whether a complaint sufficiently states a claim is goverened by the Supreme Court plausibility pleading framework. See, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) The Courts do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on it's face.

## Supervisory Liability

The magistrate Judge has recommended the District Judge deny Plaintiff Supervisory claim for he has fail to demonstrate facts that a causal connection exist between Defendant Fruchtnricht and McCranie to violate his 4th Admendment rights Unreasonable Seizure exists.

Plaintiff asserts Sergeant McCranie failed his affirmative duty to stop the Constitutional violation subsequently being committed by directing or neglecting his subordinate to file the report in plaintiff Criminal case.

As the Federal Courts have deemed, Supervisory Liability under § 1983 occurs either when a supervisor personally participates in the alleged Unconstitutional Conduct, or when there is a Causal connection between actions of the supervising official and allege deprivation. C *Cottone V. Jenne* 326 F.3d 1352, 1360-61). Causal connections between actions of supervising official and alleged Constitutional violation may be establish for purpose of holding a supervisor liable under § 1983 by facts which supports inference that supervisor directed subordinate to act unlawfully or knew that subordinate would act unlawfully and failed to stop them from doing so. (*Keating V. City of Miami* 598 F.3d 762-763). In general, to state a civil rights claim against supervisor for failing to stop Constitutional violation comitted by his or her subordinate, Plaintiff need only allege: (1) that supervisor had ability to prevent or discontinue a known Constitutional violation by exercising his or her authority over the subordinate commiting the violation; and (2) that supervisor subsequently failed to exercise authority to stop violation (*Keating* 598 at 764)

Tallahassee Police Department Policy General Order 60 Instructs when an officer uses force that results in or alleged to have resulted in Injury or death, A Use Of Force Report MUST be filed under the circumstances. TPD regulations also state that a supervisor examine and verify his subordinate report to ensure his officers action were in their discretionary duties. Sergeant McCranie is very much familiar with this policy. Two other subordinate's reports that he verified and signed Illustrates defendant Fruehtnicht used force resulting in plaintiff being transported to the emergency room for Severe Injuries. It is McCranie Affirmative duty by TPD to ensure and enforce that officer Frutchnicht provide him a Use Of Force Report to justify his actions as to why such force had to be used to subdue Plaintiff. If McCranie subordinates reports infers plaintiff went to the hospital for "severe Injuries", Than defendant Frutchnicht MUST provide a report as to what, how, and why such amount of force was applied to avoid a Constitutional violation. IF Frutchnicht cannot Justify his actions by filing his Use Of Force

Report then he has step outside his discretionary duties and into a Constitutional violation of the 4th Amendment. If defendant McCranie is well aware of Frutchnicht actions from prior reports, then as Frutchnicht immediate supervisor he is accountable for ratifying his subordinate to act unlawfully which triggers a supervisory claim.

Concluding, when facts supports inference that a causal connection exist, the supervisor is held liable under § 1983 for directing unlawful acts of the 4th Amendment. This Court therefore should infer that Sergeant McCranie suffice a violation of plaintiff 4th Amendment.

## Conspiracy Liability

The magistrate [redacted]as recommended plaintiff conspiracy claim be dismiss for plaintiff has failed [redacted] facts showing a conspiracy between defendant Frutchnicht and defendant McC[redacted] addition, that plaintiff claim is barred by the Intracorporate Conspiracy [redacted]

Plaintiff pleads that defendant Frutchnicht and McCranie conspired to cover up the Use Of Force by obscuring the Use Of Force Report from plaintiff criminal case and from TPD Internal Affairs Investigators.

As plaintiff has said in his supervisory argument, McCranie very well knew defendant Frutchnichts needed to provide him a Use Of Force Report. Of his acknowledgement, he very well conspired to cover up his subordinate Use of excessive force. Officer Frutchnicht's 13 years in the police force and FORMER Sergeant McCranie official position evinced officer knowledge and clarity of TPD Policy and deliberately neglected and fail to file and enforce the report. It is clear from the inferences drawn above that these two defendants decided a Use Of Force Report be hidden from plaintiff's case and from TPD Internal Affairs Investigators, Proving an action of Conspiracy.

As plaintiff has stated in his motion. The Intracorporate doctrine does not apply primarily to § 1983 Federal Courts view conspiracy claims under § 1983 differently than similar claims under § 1985. This important distinction is explained in *Nesmith v. Alford*, 318 F.2d 110 (5th Cir 1963), cert. denied 375 U.S. 975, 84 S. Ct. 489, 11 L.Ed 2d 420 (1964). A conspiracy under § 1983 is not an INDISPENSABLE element as it is under § 1985, but it may charged as the Legal Mechanism through which to impose liability on Each and all of the defendants without regard to the person doing the particular act. Conspiracy is asserted in that situation on more or less traditional principles of agency, joint venture and the like. (*Ryland v. Shapiro*, 708 F.2d 967) (*Slavin v. Curry* 574 F.2d 1256 1261 (5th Cir.) modified 583 F.2d 779 (5th Cir. 1978.)

## Conclusion

Wherefore, Plaintiff concludes that all said claims shall move forward to discovery stage. His allegation in light most favorable to him has demonstrated that defendants are not entitled to any claims being dismiss.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document(s) has been placed in the hands of institutional official to be furnished and forwarded by prepaid First Class U.S. Mail delivery on this 10 day of July, 2015 to the following: Billy J Hendrix Assistant City Attorney FBN: 849529 At City Attorneys Office 300 South Adams st, Box A-5 Tallahassee Fl 32301 and Ginger Barry Boyd FBN: 0294550 At Broad And Cassel 4100 Legendary Dr, Suite 280 Destin Fl 32541

S/ Brian C. Hutchins
DC: M73979
Wakulla Corr. Inst. – Annex
110 Melaleuca Drive
Crawfordville, Florida 32327

Brian C. Hutchins M73979
Wakulla Correctional Institution Annex
110 Melaleuca Drive
Crawfordville Fl, 32327

MAILED FROM
A STATE
CORRECTIONAL
INSTITUTION

Hasler
07/13/2015
US POSTAGE




011D11631598

United States District Court
Northern District Of Florida
Office of the clerk
401 S.E 1st Av suite 243
Gainesville Fl, 32601-6805

LEGAL MAIL

LEGAL MAIL

LEGAL MAIL
PROVIDED TO WAKULLA CI ANNEX

JUL 10 2015

FOR MAILING BH