**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

BRIAN C. HUTCHINS,
Plaintiff,

Case No.: 4:14cv302-MW/GRJ

V.

OFFICER JODY FRUCHNTNICHT, et al,
Defendants.
_______________________________/

## RESPONSE TO DEFENDANT'S MOTION TO COMPEL

COMES NOW, Plaintiff Brian C. Hutchins, pro se, and pursuant to Rule 26(a)(1)(B) (iv) and (f) respectfully asks this Court to deny Defendant's Motion to Compel (D.O.C. 31). In support thereof, Plaintiff states his reasons as follows:

## STATEMENT OF FACTS

Plaintiff concedes that on September 30, 2014 Defendants provided his with their first written request. However, the request was premature and frivolous considering the discovery process had not been commenced. Plaintiff then denied consent of his medical records for the courts have not even deemed a 12(b)6 Motion to Dismiss. On July 17, 2015 the District Judge took consideration of the Magistrate Judge's recommendation and granted in part Plaintiff's claim

LEGAL MAIL
PROVIDED TO WAKULLA CI ANNEX
AUG 20 2015
FOR MAILING

Filed0825'15USDCFlnd PM0137

subsequently unlocking the door for the discovery process. Defendants then sent July 20, 2015 a second request (which was the initial request) that Plaintiff release authorization of his records pertaining to medical records/health from Tallahassee Memorial Hospital, Leon County Medical Emergency Service, the Leon County Sheriff's Office, the Wakulla Correction Institution, the Holmes Correction Institution and the Reception Medical Center. They also advised the Plaintiff return these forms back signed and dated by August 14, 2015 or they would subsequently file a Motion to Compel. (See: Exhibit A) Defendants then moved to file a Motion to Compel with the Courts August 7, 2015 in which was seven days before the deadline they provided Plaintiff confusing him on how they confer with discovery (See: Exhibit B).

## ARGUMENT

Plaintiff contends pursuant to Rule 26(a)(1)(B)(iv) and (f) he is exempt from initial disclosures. He also asserts that he is an incarcerated prisoner in the State of Florida and is not being represented by an attorney. In addition, the Magistrate Judge have establish in the Case Management and Scheduling Order the, pro se, Plaintiff is NOT required to meet or make initial disclosures (See: Exhibit D ). Plaintiff also contends that due to his (PHI) Protected Health Information as defined under 45 CFR 164.501, the Federal Regulations implementing the Health

Insurance Portability and Accountability Act of 1996 (HIPAA), he has as a matter of Right NOT to disclose his personal privileged information. In addition, pursuant to Rule 45(d)(3)(iii) on timely motion the Court for the District where compliance is required Must quash or Modify a subpoena that requires disclosers of privileged matter if no exception or waiver applies. Being compelled to release ALL Plaintiff medical history to Defendants is a violation of his secured privacy.

Plaintiff alleges the Defendants have requested he identify names and business, addresses of each health care provider, including but not limited to physician, psychologist, psychiatric, therapist, counselors, and clergy who has treated or examined him and each medical facility where he received any treatment or examination for the injuries he seeks damages in this case as well as produce all of these documents (See: Exhibit C; Question #2).

Plaintiff pleads Defendants are trying to have it both ways. They want Plaintiff to answer and provide them documents of his medical records (See: Exhibit C) as well as give them consent to release his Personal health Information (See: Exhibit A). Plaintiff alleges that is an abuse of the discovery procedure and not in good faith to obtain production. Plaintiff asserts that he has not failed nor refused to comply with Defendants initial request of disclosure, but only that the rules exempt him from such initial discovery. Plaintiff asserts that once the initial

Exhibit A

OFFICE OF THE CITY ATTORNEY

July 20, 2015

Brian C. Hutchins, DC #M73979
Wakulla Correctional Institute, Annex
110 Melaleuca Drive
Crawfordville, Florida 32327-4963

Re: *Brian C. Hutchins vs. Officer Jody Fruchtnicht, Officer Carissa Beck, and Sergeant David McCranie*, United States District Court, Northern District, Tallahassee Division, Case No. 4:14cv302 MW/GRJ

Dear Mr. Hutchins:

With regard to your claim for damages in the above referenced matter, please find enclosed five (5) medical authorization forms for your review and signature. Please review these forms, sign and date each form, and return the signed and dated forms to this office at your earliest convenience.

This is a second request for your signature on some of these releases. On September 30, 2014, medical release forms for Tallahassee Memorial Hospital, Leon County Emergency Medical Service and Leon County Sheriff's Department were sent to you at Holmes Correctional Institute with a request that you return those forms to us signed and dated. I am providing you with a second copy of these medical authorization forms, along with three additional forms directed to Wakulla Correctional Institute, Holmes Correctional Institute and the Reception Medical Center.

Please be advised, you fail to return these forms, signed and dated, to our office by close of business on Friday, August 14, 2015, Mr. Hendrix will file a motion to compel with the court.

Sincerely,
City Attorney's Office

Bonnie W. Barlowe

Bonnie W. Barlowe, FRP
Paralegal for Billy J. Hendrix
Assistant City Attorney

/bwb
Encl.: (as specified above)

Exhibit B



IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C. HUTCHINS,
Plaintiff,

vs. Case No. 4:14cv302-MW/GRJ

OFFICER JODY FRUCHTNICHT, et al.,
Defendants.
_______________________________________/

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PROVIDE SIGNED MEDICAL RELEASES AND MEMORANDUM OF LAW**

Defendants, through undersigned counsel and pursuant to Rules 26 and 34, R. Civ. P., and N.D. Fla. Loc. R. 7.1 and 26.2, file this motion to compel plaintiff to sign the Medical Authorizations attached hereto as Composite Exhibit 1.

The undersigned certifies in accordance with N.D. Fla. Loc. R. 7.1 (B) that he has conferred with the plaintiff in a good faith effort to obtain signed Medical Authorizations, but that plaintiff has failed or refused to provide same.

**MEMORANDUM OF LAW**

On September 30, 2014, defendants provided plaintiff with their first written request he sign and return four Medical Authorizations relating to obtaining his medical/health records from Tallahassee Memorial Hospital, Leon County Medical Emergency Service, and the Leon County Sheriffs' Office. One Medical Authorization was left open in the event additional medical providers are

Exhibit C

and the documentation and programs necessary to access and interpret the data in understandable form and any material underlying, supporting or used in the preparation of any of the foregoing (including, without limitation, tapes, cassettes, discs, recordings and computer memories), and all drafts, alterations, modifications, changes and amendments of any of the foregoing.

C. "Refer to" or "refers to" means mentioning, discussing, making reference to or relating to in any way.

D. "Relate to" or "relates to" means constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, dealing with or in any way pertaining to.

## INTERROGATORIES AND REQUEST FOR PRODUCTION

1. Describe each injury for which you are claiming damages in this case, whether physical or mental, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent. Please produce all documents that relate to your answer to Interrogatory No. 1.

2. Identify the names and business addresses of each health care provider, including, but not limited to, physicians, psychologists, psychiatrists, therapists, counselors, and clergy, who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated. Please produce all documents that relate to your answer to Interrogatory No. 2.

3. Identify the names and business addresses of all health care provider, including, but not limited to, physicians, psychologists, psychiatrists, therapists, counselors, clergy, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated. Please produce all documents that relate to your answer to Interrogatory No. 3.

4. Describe the humiliation and the emotional distress you have suffered as a result of the alleged conduct engaged in by the Defendants, including but not limited to, whether as to each you sought professional assistance (i.e., counselor,

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C HUTCHINS,

Plaintiff,

v. CASE NO. 4:14-cv-302-MW-GRJ

OFFICER JODY FRUCHNTNICHT, et al.,

Defendant.

_______________________________/

**CASE MANAGEMENT AND SCHEDULING ORDER**

Plaintiff, a *pro se* inmate, is proceeding pursuant to a Complaint under 42 U.S.C. § 1983. Doc. 1. Defendants have filed answers and affirmative defenses. Doc. 25. In accordance with Fed. R. Civ. P. 16(b), it is **ORDERED**:

**(1) Discovery Period**. The due date of any discovery request shall not be later than **October 15, 2015.** Discovery which would require a later due date shall not be permitted except by Court order. No extension of the discovery period will be granted except for good cause and upon showing of diligence during the initial discovery period. See N.D. Fla. Loc. R. 6.1. The filing of motions SHALL NOT operate to toll or extend the discovery cut-off date set forth in this paragraph. The parties are advised that a second, brief discovery period will be provided for trial preparation for those claims which will be going to trial. Redundant discovery will not be permitted during this second discovery period. Costs of discovery shall be borne by the party making the discovery request.

**(2) Rule 26 Requirements**. Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv) and (f),

counsel and *pro se* Plaintiff are not required to meet or make initial disclosures. The parties are advised that at some point in the future they may be directed to "confer to consider the nature and basis of their claims and defenses" and discuss the possibility of a prompt settlement or resolution of the case.

**(3)** **<u>Interrogatories and Requests for Production</u>.** The number of interrogatories to any party, as governed by Fed. R. Civ. P. 33(a), may not exceed 25, including all subparts. Interrogatories and the answers thereto, and requests for production or inspection, shall not be filed with the Court unless necessary to a pre-trial motion or for another particular purpose. <u>See</u> N. D. Fla. Loc. R. 26.2(A).

**(4)** **<u>Schedule</u>.** The following schedule shall apply to this case:

(a) All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules.

(b) Motions for summary judgment shall be filed as promptly as possible, with due regard for the discovery needs of the party opposing the motion, but, unless otherwise permitted by court order, not later than **20 days** after the close of discovery, by **November 4, 2015**.

(c) Unless otherwise ordered by the Court, no motions to compel discovery may be filed after the close of discovery.

(d) The Court may dispose of motions without a hearing. N.D. Fla. Loc. R. 7.1 (D).

**(5)** **<u>Discovery Obligations</u>.** The Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If the attorney for Defendants or the *pro se* Plaintiff cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel or the opposing party; and if consent to an

discovery has reached its course, he will be more than willing to confer with Defendants. Interrogatories, Production of Documents and request of admission in Good Faith to maintain the discovery process without the Court's intervention.

WHEREFORE, Plaintiff humbly asks this Court to deny Defendant's Motion to Compel. Plaintiff has demonstrated that their motion is frivols and without merit and that his case should move forward with legal proceedings.

Respectfully Submitted,
/s/ ____________________
Brian C. Hutchins, DC# M73979

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing documents has been placed in the hands of an institution official to be furnished and forwarded by prepaid First Class U.S. Mail delivery, on this 20 day of August, 2015, to the following:

Respectfully Submitted,
/s/ ____________________
Brian C. Hutchins, DC# M73979
Wakulla C.I. Annex
110 Melaleuca Drive
Crawfordville, Florida 32327

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document(s) has been placed in the hands of institutional official to be furnished and forwarded by prepaid First Class U.S. Mail delivery on this 20 day of August, 2015 to the following: Billy J Hendrix FBN:849529 City Attorney's Office 300 South Adams street, Box A-5 Tallahassee Fl 32301 and Broad and Cassel 4100 Legendary Drive, Suite 280 Destin Fl 32541

S/ [signature]

Wakulla Corr. Inst. – Annex
110 Melaleuca Drive
Crawfordville, Florida 32327

Brian C. Hutchins DC# M13979
WAKULLA CI ANNEX
110 MELALEUCA DR.
CRAWFORDVILLE, FL 32327

MAILED FROM
A STATE
CORRECTIONAL
INSTITUTION

Hasler
08/21/2015
US POSTAGE
$00.70⁵
ZIP 32327
011D11631598

United States District Court
Northern District of Florida
Office of the clerk
401 S.E. 1st Av Suite 243
Gainesville FL 32601-6805

LEGAL MAIL

3260186895

LEGAL MAIL
PROVIDED TO WAKULLA CI ANNEX

AUG 20 2015

FOR MAILING

LEGAL MAIL