IN THE UNTIED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RECEIVED
EVERGLADES C.I.
MAY 02 2016
STAFF INITIALS

BRIAN C. HUTCHINS,
Plaintiff,

v. Case No.: 4:14-cv-302-MW-GRJ

OFFICER JODY FRUCHNICHTI, et al,
Defendant.
_______________________________/

PLAINTIFF'S RESPONSE TO DEFENDANT'S SANCTIONS AGAINST HIM

COMES NOW, the Plaintiff Brian C. Hutchins pro se and pursuant to rules 26(c)1(C), 33, 34, 36, and 37 of the Fed.R.Civ.P., humbly asks this Court to deny sanctions against him for failure to respond to discovery served to him on July 22, 2015. In support of his motion, Plaintiff states the following:

STATEMENT OF FACTS

On July 17, 2015, the discovery Doors were unlock allowing both parties to confer documents (See Doc. 28). Defendants then sent to Plaintiff their interrogatories, production of documents, and request for admission July 22, 2015 for Plaintiff to review, complete and return on or before August 26, 2015, (See Exhibit A). Plaintiff sent to defendants his first request for Production of Documents July 23, 2015 to be completed and return. (See Exhibit B). On August 24, 2015, defendants responded to Plaintiff request stating all existing documents



Filed0505'16USDcFlnPM0129

responsive to Plaintiff request that are in their possession, custody and control will be provided for inspection and copying at a place MUTUALLY AGREEABLE to the parties upon payment by Plaintiff of reasonable cost of copying. (See Exhibit C). On September 18, 2015 Plaintiff replied stating the exact same response defendants stated agreeing to MUTUALLY meet at a specific time and place to exchange documents. (See Exhibit D). The initial discovery method was now establish.

Defendants than move to make arrangements with the Wakulla Correctional Institution to review Plaintiff medical records that he had AGREED to make available in response to their request for production. (See Exhibit E). However, Plaintiff was shipped from Wakulla Correctional Institution and arrived at Everglades Pre-Release Correctional Institution on October 6, 2015. On January 6, 2016, defendants attempted to make arrangements with the Everglades Pre-Release Correctional Institution to review medical records plaintiff AGREED to make available in response to their request for production. (See Exhibit F). Unfortunately, Defendants never made ANY arrangements with the Everglades Pre-Release Correctional Institution deferring the discovery process.

Seeing that defendants were delaying the discovery procedure, plaintiff in "Good Faith" sent to defendants February 5, 2016 a letter along with his medical records in hope that defendants would provide him their documents to his request for production of documents. (See Exhibit G). However, defendants never

responded back as to whether they would exchange documents correspondently. Plaintiff then inferred defendants rejected offer, as there was no response to his offer. From February 6, 2016 till March 28, 2016, Plaintiff patiently waited for defendants to make arrangement with the Everglades Pre-Release Correctional Institution to exchange documents in person as agreed; But to no avail did defendants attempt to.

On March 29, 2016 defendants sent a letter explaining they sent their first Interrogatories, Request for Production of Documents and request for Admission July 22, 2015 and that these documents were past due. They then stated that plaintiff had till April 13, 2016 to answer and serve these documents or they will have no choice but to make move for sanctions against plaintiff. (See Exhibit H). On April 15, 2016, defendants filed a sanction against Plaintiff pleading to the Courts that he had failed to respond to their discovery request. (See D.O.C. 70).

ARGUMENTS IN SUPPORT OF FACTS

Plaintiff contends that defendants are wholly abusing and confusing him in the discovery procedure. Their tactics are frivolous and oppressive. Plaintiff declares under Penalty of Perjury that the evidence herein infers defendants prescribing a discovery method other than the one both parties selected and agreed upon. (See Exhbit C, D, I). They want Plaintiff to wait while they make arrangements with the Everglades Pre-Release Correctional Institution in which

both parties agreed upon, deferring discovery to plaintiff, then file sanctions with the Court that plaintiff is not attempting to confer documents. Plaintiff asserts this is an Abuse of the discovery process and a violation of rule 26(c)1(C).

Pursuant to rule 26(f)(1) of the Fed.R.Civ.P. the parties must confer as soon as practicable. If both parties agree to meet to exchange documents than that agreement is still in effect unless a Party stipulates in a letter to the other Party they no longer want to meet to exchange documents. Defendants never even sent any letter Constructing they no longer want to make arrangements with Plaintiff or they prefer both parties to correspondently confer documents. Approximately three months plaintiff patiently waited for defendants to make arrangements with the Everglades Re-Entry Institution as they have stated in their letter to plaintiff. (See Exhibit F). Plaintiff asserts he has attempted "in good faith" to confer with defendants by initially sending his Medical Records to defendants to maintain the discovery procedure without the Court's intervention. (See Exhibit G). However, defendants refuse to do the same. As of 5-2-16 Plaintiff [redacted] has not received any documents pertaining to his request for Production of Documents.

Plaintiff pleads to the Court that he is NOT attempting to neglect defendants discovery request but that both parties Mutually agreed to exchange documents at a specific time and place. (See Exhibit C, D). Plaintiff also asserts he has completed defendants Interrogatories, Production of Documents, and Request for Admissions

and that these documents are in his possession, custody and control. Plaintiff contends that he has been patiently waiting for defendants to make arrangements with Everglades Pre-Release Correctional Institution to deliver these documents; for both parties agreed to exchange documents at the conference but defendants have yet to make any arrangements thus far.

WHEREFORE, Plaintiff respectfully prays this Court deny defendants Motion for Sanction against him. Plaintiff has proved and declared under penalty of perjury that defendants are not conferring the discovery procedure in good faith and that they are prescribing a discovery method other than the one both parties agreed to and that his case should move forward with legal proceedings.

Respectfully submitted,

Brian C. Hutchins, DC# M73979
Everglades Re-Entry
1599 S.W. 187th Avenue
Miami, Florida 33194

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5 day of May 2016, a true and correct copy of the foregoing has been furnished to all counsel for defendants and has been sent pre-paid first class mail to: Billy J. Hendrix FBN; 849523 at City Attorneys Office 300 South Adams St., Box A-5, Tallahassee, FL. 32301 and Ginger Barry Boyd, FBN: 0294550 at Broad and Cassel, 4100 Legendary Drive, Suite 280, Destin, FL. 32541.

Brian C. Hutchins, DC# M73979
Everglades Re-Entry
1599 S.W. 187th Avenue
Miami, Florida 33194

Exhibit - A

6

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C. HUTCHINS,
Plaintiff,

vs. Case No. 4:14cv302-MW/GRJ

OFFICER JODY FRUCHTNICHT, et al.,
Defendants.
_________________________________/

**NOTICE OF SERVING CITY OF TALLAHASSEE'S FIRST INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS TO PLAINTIFF**

Defendant, City of Tallahassee, by and through its undersigned counsel, and pursuant to Rules 26, 33, 34 and 36, Fed.R.Civ.P., hereby gives notice of serving its first interrogatories, request for production of documents, and request for admissions to plaintiff on this 22nd day of July 2015.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 22nd day of July 2015, a true and correct copy of the foregoing has been furnished to all counsel registered to be notified by the CM/ECF electronic mail system and by U. S. Mail to plaintiff, Brian C. Hutchins, DC #M73979, Wakulla Correctional Institution –Annex, 110 Melaleuca Drive, Crawfordville, Florida 32327.

*s/Billy J. Hendrix*

Billy J. Hendrix
Assistant City Attorney
FBN: 849529
City Attorney's Office
300 South Adams Street, Box A-5

Exhibit-B

8

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

BRIAN C. HUTCHINS,
Plaintiff,

Case No: 4:14-cv-302-MW-GRJ

V.

OFFICER JODY FRUCHNTNICHTI, et al,

ORIGINAL

____________________/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that defendants Jody Fruchntnicht, Carrissa Beck, David McCranie produce for inspection and copying the following documents:

1. All written statements, incident reports, originals of copies identifiable as records about the incident on or about December 29, 2012 furnished by police officials of the Tallahassee Police Department.

2. Any and all Use of Force reports pertaining to case No. 12Cf4179 which occurred on or about December 29, 2012.

LEGAL MAIL
PROVIDED TO WAKULLA CI ANNEX
JUL 23 2015
FOR MAILING BH

Exhibit-B

3. Any and all rules, regulations, and policies of the Use of Force by the Tallahassee Police Department.

4. Any and ALL PHOTOS that were taken in the case No. 12CF4179 on December 29, 2012.

5. Any and all service records for listed Defendants.

For example: Complaints, disciplinary Actions, Training, etc.

Dated: 7-23-2015 Signed: [signature]

Exhibit - C

14

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C. HUTCHINS,
Plaintiff,

vs. Case No. 4:14cv302-MW/GRJ

OFFICER JODY FRUCHTNICHT, et al.,
Defendants.
_______________________________/

**DEFENDANTS' RESPONSES TO**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Pursuant to Rule 34, Federal Rules of Civil Procedure, defendants submit their responses to the plaintiff's first request for production as follows:

1. All existing documents responsive to this request that that are in the Defendants' possession, custody and control will be produced for inspection or copying at a place and time mutually agreeable to the parties and upon payment by plaintiff of reasonable costs of copying.

2. All existing documents responsive to this request that that are in the Defendants' possession, custody and control will be produced for inspection or copying at a place and time mutually agreeable to the parties and upon payment by plaintiff of reasonable costs of copying.

3. All existing documents responsive to this request that that are in the Defendants' possession, custody and control will be produced for inspection or copying at a place and time mutually agreeable to the parties and upon payment by plaintiff of reasonable costs of copying.

4. All existing documents responsive to this request that that are in the Defendants' possession, custody and control will be produced for inspection or copying at a place and time mutually agreeable to the parties and upon payment by plaintiff of reasonable costs of copying.

5. Objection, vague, overbroad, burdensome and oppressive. Defendants further object to that part of the request that seeks confidential and/or privileged information contained in defendants' personnel files, for the reason that personal information and certain personnel records (such as medical records) in the custody of a municipality shall be kept confidential by Florida law.[1] Without waiving the forgoing objections, all non-confidential and/or privileged documents responsive to this request that are in Defendants' possession, custody and control will be produced for inspection or copying at a place and time mutually agreeable to the parties and upon payment by plaintiff of reasonable costs of copying.

---

[1] See Fla. Stat. §§ 119.071(4) and 112.08(7).

Exhibit D

21

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Original

BRIAN C. HUTCHINS
Plaintiff,

vs.

Case No. 4:14cv302-MW/GRJ

OFFICER JODY FRUCHTNICHT, et al.,
Defendants.

PLAINTIFF'S RESPONSES TO DEFENDANTS FIRST REQUEST FOR PRODUCTION

Pursuant to Rule 34, Federal Rules of Civil Procedure, Plaintiff submit his responses to Defendant's first request as follows:

Questions from #1 thru #26 are answered: All existing documents responsive to this request that are in plaintiff possession, custody, and control will be produced for inspection or copying at a place and time mutually agreeable to the parties and upon payment by defendants of reasonable cost of copying.

Signed [signature]　　Date 9-18-2015

LEGAL MAIL
PROVIDED TO
WAKULLA CI
SEP 18 2015
FOR MAILING BH

Exhibit-E

# OFFICE OF THE CITY ATTORNEY

October 8, 2015

Brian C. Hutchins, DC #M73979
Wakulla Correctional Institution Annex
110 Melaleuca Drive
Crawfordville, FL 32327

Re: *Brian C. Hutchins vs. Officer Jody Fruchtnicht, Officer Carissa Beck, and Sergeant David McCranie*, United States District Court, Northern District, Tallahassee Division, Case No. 4:14cv302 MW/GRJ

Dear Mr. Hutchins:

I am making arrangements with the Wakulla Correctional Institution to review medical records you have agreed to make available in response to our request for production.

The discovery cutoff in this matter is October 15, 2015, however I do not believe it will be possible to review these documents until at least October 20, 2015. I will file a motion with the court to extend the discovery deadline in this matter as well as the deadline to file our motion for summary judgment.

Please advise the court immediately of your consent or objection.

Sincerely,

City Attorney's Office

Billy J. Hendrix
Assistant City Attorney

BJH/pto
Enclosure (Defendants' Motion to Extend The Deadlines For Discovery and The Filing of Dispositive Motions)

300 S. Adams St. Box A-5
Tallahassee, FL 32301-1731
850/891-8554 ~ 850/891-8973 fax
TDD: 711- talgov.com

Andrew D. Gillum, Mayor | Anita F. Thompson, City Manager | Nancy Miller, Commissioner | James O. Cooke, IV, City Treasurer-Clerk | Curtis Richardson, Commissioner | Lewis E. Shelley, City Attorney | Scott Maddox, Commissioner | T. Bert Fletcher, City Auditor | Gil D. Ziffer, Commissioner

Exhibit-F

# OFFICE OF THE CITY ATTORNEY

January 6, 2016

Brian C. Hutchins, DC #M73979
Everglades Pre-Release Correctional Institution
1544 S.W. 187th
Miami, Florida 33194.

Re: *Brian C. Hutchins vs. Officer Jody Fruchtnicht, Officer Carissa Beck, and Sergeant David McCranie*, United States District Court, Northern District, Tallahassee Division, Case No. 4:14cv302 MW/GRJ

Dear Mr. Hutchins:

This office is attempting to make arrangements with the Everglades Pre-Release Correctional Institution to review medical records you have agreed to make available in response to our request for production.

The discovery cutoff in this matter has passed, but I still need to review these records. I will file a motion with the court to extend the discovery deadline in this matter as well as the deadline to file dispositive motions.

Please advise the court immediately of your consent or objection.

Sincerely,

City Attorney's Office

Billy J. Hendrix
Assistant City Attorney

BJH/pto
Enclosure (Defendants' Motion to Extend The Deadlines For Discovery and The Filing of Dispositive Motions)

300 S. Adams St. Box A-5
Tallahassee, FL 32301-1731
850/891-8554 ~ 850/891-8973 fax
TDD: 711- talgov.com

Andrew D. Gillum, Mayor | Nancy Miller, Commissioner | Curtis Richardson, Commissioner | Scott Maddox, Commissioner | Gil D. Ziffer, Commissioner
Ricardo Fernandez, City Manager | James O. Cooke, IV, City Treasurer-Clerk | Lewis E. Shelley, City Attorney | T. Bert Fletcher, City Auditor

Exhibit G (35)

Feb 5, 2016

Case No. 4:14cv302/GRJ

Dear Mr. Hendrix,

It is an honor to be writing you. I appreciate your diligent effort in litigating this case. You are truly a remarkable attorney and hard worker. Now, you desperately seek my medical records to ensure the physical damage I've alleged in my complaint are geniune facts and not mere allegations. For these reasons I will "IN GOOD FAITH" provide you the medical records for you personal analysis. I would hope as a professional attorney you confer documents as well.

Billy, you provided a settlement offer of $2500.00 which I feel is HIGHLY an insult to my Intelligence. I Brian C. Hutchins will not settle unless the offer is at least $300,000.00. Let me enlighten you on why I pursue such a minor offer; The City Of Tallahassee Police Department CANNOT afford another negative excessive force Case. Cases like Rachael Hoffman, Nabel Bushiram, AJ Graham, Jamie Winston, Viola Young and my all time hero Christina West has put a huge dent in TPD Integrity. TPD are strenuously working to re-build there reputation and trust and me winning trial will further damage their reputation. If this case hits the news, It will show TPD for being a police Department that obscure and fabricate Police Reports "AS THE RECORD REFLECTS" Me being cognizant of this and their perpectual misconduct, it was very disrespectful to provide such an ignorant offer.

Sir, I am willing to negotiate an intelligent offer that will compensate me for my fractured teeth, facial and scalp contusions, and abrasions to various parts of the body as well as personal humiliation and emotional pain and suffering from the officer malicious beating. Two options are availible sir; TPD can further destroy their reputation and have their residents highly distrusted of them or we can keep this case quiet never having to reach

Exhibit- G

Social Media, The Public and never being heard of in The City Of Tallahassee. The decision lies in your hand Mr. Hendrix. Personally sir, It would be prudent to avail the funds to me as oppose to hiring Henry and Buchanan or Sniffen and Spellman who indulge in charging an arm and leg for their service. Negotiations will not be forthcoming if an reasonable offer cannot be establish. Me and my future lawyer WILL Pursue trial resulting in an victorious Victory while humiliating the Police Department all in one Venue.

Concluding this letter, I thank you Mr. Hendrix for taking time to read this letter and wish the best for you, Your family, and your loved ones and hope you respond back with a intelligent Counter Offer. MAY GOD BLESS YOU SIR!

P.S.

enclosed is All of my Medical reports the night of Dec 24. 2012

Sincerly,

Brian C Hughes

Exhibit - H

TALLAHASSEE FLORIDA

# OFFICE OF THE CITY ATTORNEY

March 29, 2016

Brian C. Hutchins, DC #M73979
Everglades Pre-Release Correctional Institution
1544 S.W. 187th
Miami, Florida 33194

Re: *Brian C. Hutchins vs. Officer Jody Fruchtnicht, Officer Carissa Beck, and Sergeant David McCranie*, United States District Court, Northern District, Tallahassee Division, Case No. 4:14cv302 MW/GRJ

Dear Mr. Hutchins:

On July 22, 2015, defendants' First Set of Interrogatories, Request for Production of Documents and Request for Admissions was served on you. Your response was accordingly due or before August 26, 2015. Although this office received your responses to the Request for Documents, we did not receive any answers to the Interrogatories propounded or a response to the Requests for Admission. The Interrogatories are past due and by rule the Requests for Admission are deemed admitted.

Enclosed you will find a copy of the discovery requests served on you on July 22, 2015. You must answer the Interrogatories under oath and serve them on this office no later than April 13, 2016. If we do not have the sworn answers by that date, we will have no choice but to move for sanctions against you.

Discovery cutoff in this matter is set for April 6, 2016, but since I have not yet received all of your medical records, I will file a motion with the court to extend the discovery deadline in this matter as well as the deadline to file dispositive motions.

Please advise the court immediately of your consent or objection.

Sincerely,

City Attorney's Office

Billy J. Hendrix
Assistant City Attorney

BJH/sm

Exhibit - I

IN THE UNTIED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C. HUTCHINS,
Plaintiff,

v. Case No.: 4:14-cv-302-MW-GRJ

OFFICER JODY FRUCHNICHTI, et al,
Defendant.
_________________________________/

DECLARATIONS IN SUPPORT OF
DEFENDANTS SANCTION AGAINST PLAINTIFF

I BRAIN HUTCHINS am the plaintiff in the above entitled case. In support of my motion I state that the evidence herein infers defendants prescribing a discovery method other than the one both parties selected and agreed upon. I also assert that I have conferred with defendants "in good faith" effort to obtain production without the Court's Intervention but defendants have failed or refused to do the same. (See Exhibit G).

I understand that a False Statement in this declaration will subject me to the penalties of perjury.

Exhibit - I

WHEREFORE,

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this 5 day of May, 2016.

______________________________
Signature

09-05-1984
Date of Birth

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
Social Security Number

Brian C Hutchins DC#M73979
Everglades Re-Entry
1599 S.W. 187 Ave
Miami Fl, 33194

LEGAL MAIL









United States District Court
Northern District Of Florida
Office of the Clerk
401 S.E. 1st Av, Suite 243
Gainesville, Fl 32601-6805