\IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C. HUTCHINS,

Plaintiff,

v. CASE NO. 4:14-cv-302-MW-GRJ

OFFICER JODY FRUCHNICHT, et al.,

Defendants.
_______________________________/

**O R D E R**

This matter is before the Court on Defendants' Motion for Sanctions. ECF No. 70. Plaintiff has filed a response, ECF No. 74, and therefore the motion is ripe for review.

Defendants request the Court to enter an order sanctioning Plaintiff for failing to respond to Defendants' first set of interrogatories served on July 22, 2015. Plaintiff apparently served a response to Defendants' request for production of documents but failed to serve responses to interrogatories. In Plaintiff's response he discusses the arrangements and discussions between the parties for providing documents but makes no mention of responding to interrogatories.

Relying upon Rule 37(d)(3) of the Federal Rules of Civil Procedure,

Defendants request the Court to strike the complaint, dismiss the case and/or enter a default judgment in favor of Defendants as a result of Plaintiff's failure to provide answers to interrogatories.

Rule 37(d)(3) pertains to sanctions for a party's failure to serve answers to interrogatories. While the Rule provides that the Court *may* order the types of sanctions Defendants request, the Rule goes on to provide that instead of these sanctions the Court must require the party who failed to respond to the discovery request to pay the reasonable expenses, including attorney's fees, caused by the failure. The sanctions Defendants request are too drastic and are not appropriate at this juncture. Sanctions such as striking a complaint or dismissing the action are drastic remedies reserved for situations where a party has disobeyed a court order and shown bad faith in doing so. In this case Plaintiff has apparently provided documents and other discovery but has simply failed to serve answers to interrogatories. Under these circumstances the appropriate course of action is to order Plaintiff to serve responses to interrogatories and to award Defendants their expenses for having to file a motion to obtain responses to interrogatories.

Accordingly, it is **ORDERED** that:

1. Defendants' Motion to Sanctions, ECF No. 70, is **DENIED** with

respect to Defendant's request for the entry of an order striking the complaint and dismissing the case. The motion is **GRANTED** to the extent that Defendants request the Court to enter an order compelling Plaintiff to provide responses to Defendants' interrogatories.

2. Plaintiff is directed to serve full and complete responses to Defendants' first set of interrogatories **no later than September 12, 2016**.

3. Pursuant to Fed. R. Civ. P. 37(d)(3), Plaintiff must pay the reasonable attorney's fees and expenses incurred by Defendants in connection with the preparation and filing of Defendants' motion for sanctions. In order to determine the reasonable attorney's fees and expenses to award, counsel for Defendants must file any affidavits or other supporting materials evidencing the attorneys's fees and expenses incurred in connection with the preparation and filing of the motion for sanctions **on or before September 6, 2016.** Plaintiff may respond to Defendants' filing as to the amount of fees and expenses **on or before September 23, 2016.** After that date, the Court will take under advisement the issue of the reasonable amount of attorney's fees and expenses to be awarded and will issue a separate order detailing the amount of the award.

**DONE AND ORDERED** this 22nd day of August 2016.

s/Gary R. Jones

GARY R. JONES
United States Magistrate Judge