# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

RECEIVED
EVERGLADES C.I. RE-ENTRY
OCT 03 2016
STAFF INITIALS

BH

Brian C. Hutchins,
Plaintiff,

vs

Case No: 4:14cv 302-MW/GRJ

Officer Jody Fruchtnicht, et al.,
Defendants.

## MOTION FOR AN ORDER COMPELLING DISCOVERY

COMES NOW, the plaintiff Brian C. Hutchins *Pro Se*, and pursuant to Rule 37(a) of The Federal Rules Of Civil Procedure moves this Court for an order Compelling defendants to complete and deliver plaintiff Interrogatories, Production Of documents and Request for Admission, Exhibits which are attached hereto. In support of this motion, plaintiff provide the facts as followed:

On August 26, 2016 plaintiff submitted his Interrogatories, Production Of Documents, and Request for Admission to defendants and advised they till September 26, 2016 to respond to his documents. (See Exhibit A) As of October 3, 2016 defendants have failed to execute these documents. In addition, defendants also stated to the Court that when other medical records are received, these records will also be provided to plaintiff at no Cost. (See Exhibit B) Plaintiff asserts he has NOT received any other Medical records from defendants thus far. Defendants have neglected to provide disclosure or discovery. Even if defendants attempt to deliver these documents after the deadline, they were not presented to plaintiff on or before September 26, 2016 As the Federal Rules Of Civil Procedure 37(a) 5(A) States: If the disclosure or

Filed1005'16UsDcFlnAM1141

KM

requested discovery is provided after the motion was "FILED", the Court MUST, after giving an opportunity to be heard, require the party or deponent whose conduct necessiated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable exspenses incurred in making the motion.

Plaintiff certifies in accordance with The Federal Rules Of Civil Procedure 26(a) he "IN GOOD FAITH" submitted his Interrogatories, Production Of Documents, and Request for Admission to defendants and advise that they review, complete, and deliver these documents before September 26, 2016. However, defendants refuse to meet the above deadline. (See Exhibit A)

For the foregoing reasons, plaintiff request the Court enter an order compelling defendants to *immediately* complete and deliver ALL documents which are attached hereto as Exhibits and which have been previously provided to defendants.

Respectfully Submitted,

/S/ [signature]

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3 day of October 2016, a true and correct copy of the foregoing has been furnished to all counsel for defendants and has been sent pre-paid first class mail to: Billy J. Hendrix FBN; 849523 at City Attorneys Office 300 South Adams St., Box A-5, Tallahassee, FL. 32301 and Ginger Barry Boyd, FBN: 0294550 at Broad and Cassel, 4100 Legendary Drive, Suite 280, Destin, FL. 32541.

Brian C. Hutchins, DC# M73979
Everglades Re-Entry
1599 S.W. 187th Avenue
Miami, Florida 33194

Exhibit A

Case No. 4:14cv 302 MW/GRJ

Dear Mr. Hendrix:

This letter is to inform you that I Brian Hutchins am no longer willing to meet to confer documents at a specific time and place as we previously agreed. Your deferring and oppression of the discovery has made me alter my decision. I will now confer documents correspondently as rule 26(a)(1)(A) entails. Please find enclosed in this packet my answers to your Interrogatories signed by an official notary, my production of documents you requested, and my admissions on file. Also find enclosed my Interrogatories for defendants, Production of documents revised as well as admissions for defendants to answer fully and seperately to the best of their Knowledge UNDER OATH.

Please be advised that the orginal production of documents I previously sent you is now considered void. The revise production of documents in this packet are now the orginal. Defendants have Thirty calender days in which to answer and return all documents to plaintiff on or before September 26 2016. If these documents are not return on or before the due deadline I WILL file sanctions against you.

In addition, you stated to the Court that when other medical records are in your possession, those records would be provided to me at no cost. If those medical records are not deliverd to me by the above deadline, I WILL file a motion to compel with the Courts.

[redacted] IT'S NOT WHAT YOU ALLEGE; BUT TO PROVE WHAT YOU ALLEGE! See you at trial SIR.......

Cordially,

[signature]

Exhibit B (38)

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C. HUTCHINS,
Plaintiff,

vs. Case No. 4:14cv302-MW/GRJ

OFFICER JODY FRUCHTNICHT, et al.,
Defendants.
_______________________________________/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION TO DISCLOSE MEDICAL RECORDS**

Defendants, through undersigned counsel, respond to plaintiff's motion to disclose his medical records (Doc. 64) and state they have provided plaintiff with copies of all medical records received to date at no cost to plaintiff and when other medical records are received, those records will also be provided to plaintiff at no cost.

UNITED STATES DISTRICT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C. HUTCHINS,

v. CASE NO: 4:14-CV-302-MW-GRJ

OFFICER JODY FRUTCHNTNICHT, et. al,

PLAINTIFF'S SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS (Revised)

Pursuant to Rule 26 and Rule 34 of the Fed. R. Civ. P. Plaintiff request that the Defendants produce the below documents. Please send the documents to Plaintiff at the Everglades Re-Entry Institution or at such place all parties shall hereafter agree. Please note that the term "document" is defined broadly in Fed. R. Civ. P. 34(a)(1) and includes regulations, SOPs, memoranda, correspondence, and emails.

1. All documents that evidence, mention, or refer to the assault on Plaintiff Brian C. Hutchins on or about Dec. 29, 2012 including but not limited to all photos in case CF124179, incident reports, all statements and other investigative materials, and documents relating to subsequent disciplinary, if any.

2. All evidence documents that mention or refer to Defendant Jody Fruchntnicht conduct or disciplinary history at the Tallahassee Police Department.

3. All documents written or created after January 1, 2008 until present time that contain, mention, construe, or refer to any inspection, inquiry or complaint of excessive force at the Tallahassee Police Department whether formal or informal, official or unofficial, including, staff, civilian grievances, complaints and appeals, and including responses to such documents prepared by Tallahassee Police Department.

4. All documents that contain, mention, construe, or refer to any insurance agreement according to which an insurance company or other person or entity, will guaranty, act as a surety for, or otherwise bear any responsibility for litigating this action, including but not limited to paying the Defendant's attorneys fees, cost, or out-of-pocket expenses or paying for any monetary relief ordered as part of a Court or consent judgment.

5. Any and all use of force reports pertaining to case number 2012CF04179 which occurred on or about December 29, 2012.

6. Any and all rules, regulations, and policies of the use of force by Tallahassee Police Department.

7. Any and all service records for listed Defendants. (E.G. Complaints, Disciplinary Actions, training, etc.)

Dated________________ Signed: ______________________

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C. HUTCHINS,

v. CASE NO: 4:14-CV-302-MW-GRJ

OFFICER JODY
FRUCHNTNICHT, et. al.

____________________________/

PLAINTIFF'S FIRST INTERROGATORIES TO
DEFENDANT JODY FRUCHTNICHT AND ADMISSIONS

Pursuant to Rule 26 and Rule 33 of the Fed. R. Cil. P. Plaintiff request Jody Fruchtnicht answer the following questions. Defendant is directed to answer, or otherwise respond separately and fully, in writing and under Oath to each of the Interrogatories before the discovery cut off date.

1. Please identify all positions and files with corresponding dates of employment, that you have held as an employee at the TPD. Describe your job responsibilities for each position and title.

2. Please describe in as much detail as possible the training you have received while working for TPD on the use of force, including but not limited to the use of "stun guns" and other electro devices.

3. Please describe in as much detail as possible every policy, procedure, practice that governs the use of "stun guns," use of force and other electro shock devises at the TPD.

4. Please identify all officials responsibilities for formulating, implementing and monitoring compliance with the policies, procedures, practices described in your response to Interrogatories # 3.

5. Please describe in as much detail as possible the complete circumstances surrounding your use of force against the Plaintiff on or about Dec. 29, 2012.

6. Please state the name affiliation, title, last known address, and last known telephone number of each person who has knowledge of any of the facts stated in your response to Interrogatory # 5.

7. Please identify each document as the term is defined in the Fed. R. Cil. P. 34(a) 1 that evidences, mentions, or refer to any facts stated in your response to Interrogatories # 5.

8. Please describe in as much detail as possible the complete circumstances surrounding all other instances in which you have used a "stun gun" or other electro shock device or threatened to do so while working at TPD. Include in your response the circumstances surrounding any review or disciplinary action that occurred after each actual or threatened application of force.

9. Please identify each person known to you and not otherwise identified in your answers to these interrogatories who has provided any information, or assistance of whatever nature or description, relating to any of your answers to these interrogatories.

10. Please identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in Plaintiff complaint and state the information provided.

11. Please describe in as much detail as possible the complete circumstance in which you had to use excessive force to subdue a suspect. Include in your response the circumstances surrounding any review or disciplinary action that occurred after each actual or threatened application of force.

## REQUESTS FOR ADMISSION

1. Please admit that on or about December 29, 2012 you did not file a Use of Force Report in case number CF20124179.

2. Please admit that on or about December 29, 2012 you were being aggressive and violent to Plaintiff Hutchins as well as to law enforcement officers.

Signed:________________________ Date:__________________

BEFORE ME, the undersigned authority, did this day personally JODY FRUCHNTNICHT, personally known to me or who produced the below listed form of identification and, after being duly sworn, says that he is the person to whom the foregoing Interrogatories were directed, and that the answers thereto are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this ___ day of _________________, 2016.

(Signature)________________________

(Typed/Printed)____________________

Commission # ____________________

Identification Proffered (Fla. Stat. § 117.05(5)(b)(2)

____ Sworn written statement of credible witness, who is known by Notary that states the witness personally knows the Affiant;

Or one of the following (issued within the past five (5) years):

____ State Driver's License (State:_________________________)

____ State Identification card (State:_________________________)

____ U.S. Passport

____ Foreign Passport (Stamped by U.S. Immigrations & Naturalization Services)

____ U.S. Armed Forces Identification card

____ Inmate Identification card issued on or after 1/1/97

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C. HUTCHINS,

v. CASE NO: 4:14-CV-302-MW-GRJ

OFFICER JODY
FRUCHNTNICHT, et. al.

_________________________/

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUEST FOR ADMISSION TO CARISSA BECK

Pursuant to Rule 26 and Rule 33 of the Fed. R. Cil. P. Plaintiff request Carissa Beck answer the following questions. Defendant is directed to answer, or otherwise respond separately and fully, in writing and under Oath to each of the Interrogatories before the discovery cut off date.

1. Please identify all positions and files with corresponding dates of employment, that you have held as an employee at the TPD. Describe your job responsibilities for each position and title.

2. Please describe in as much detail as possible the complete circumstances regarding your apprehension towards Plaintiff on December 29, 2012.

3. Please state the name affiliation, title, last known address, and last known telephone number of each person who has knowledge of any of the facts stated in your response to Interrogatory # 2.

4. Please identify each person known to you and not otherwise identified in your answers to these Interrogatories who has provided any information, or assistance of whatever nature or description, relating to any of your answers to these Interrogatories.

5. Please identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in Plaintiff complaint and state the information provided.

6. Please list all pictures and total amount of pictures that were taken in case number CF20124179 of Plaintiff injuries on or about December 29, 2012.

7. Please list your immediate supervisor on shift the night of December 29, 2012.

8. Please list the official that verified your Incident Report.

9. Please describe in much detail as possible the exact location of Plaintiff arrest. Please describe the surrounding of the location, whether the ground was concrete, dirt, grass, etc. and any objects within vicinity of Plaintiff arrest.

## REQUESTS FOR ADMISSION

1. Please admit that on December 29, 2012 you assisted Officer Jody Fruchntnicht

Signed:______________________ Date:________________

BEFORE ME, the undersigned authority, did this day personally CARISSA BECK, personally known to me or who produced the below listed form of identification and, after being duly sworn, says that he is the person to whom the foregoing Interrogatories were directed, and that the answers thereto are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this ___ day of ________________, 2016.

(Signature)______________________

(Typed/Printed)__________________

Commission # ___________________

Identification Proffered (Fla. Stat. § 117.05(5)(b)(2)

____ Sworn written statement of credible witness, who is known by Notary that states the witness personally knows the Affiant;

Or one of the following (issued within the past five (5) years):

____ State Driver's License (State:_______________________)

____ State Identification card (State:_______________________)

____ U.S. Passport

____ Foreign Passport (Stamped by U.S. Immigrations & Naturalization Services)

____ U.S. Armed Forces Identification card

____ Inmate Identification card issued on or after 1/1/97

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C. HUTCHINS,

v. CASE NO: 4:14-CV-302-MW-GRJ

OFFICER JODY
FRUCHNTNICHT, et. al.

_______________________/

PLAINTIFF'S FIRST INTERROGATORIES AND
REQUEST FOR ADMISSION TO DAVID E. McCRANIE

Pursuant to Rule 26 and Rule 33 of the Fed. R. Cil. P. Plaintiff request David E. McCranie answer the following questions. Defendant is directed to answer, or otherwise respond separately and fully, in writing and under Oath to each of the Interrogatories before the discovery cut off date.

1. Please identify all positions and files with corresponding dates of employment, that you have held as an employee at the TPD. Describe your job responsibilities for each position and title.

2. Please describe in as much detail as possible every policy, procedure, practice that governs the use of "stun guns," use of force and other electro shock devises at the TPD.

3. Please identify all officials responsibilities for formulating, implementing and maintaining and monitoring compliance with polices, procedures, and practices described in your response to Interrogatories # 2.

4. Please identify each person known to you and not otherwise identified in your answers to these Interrogatories who has provided any information, or assistance of whatever nature or description, relating to any of your answers to these Interrogatories.

5. Please identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in Plaintiff complaint and state the information provided.

6. Please list all subordinate officers on your shift the night of December 24, 2012.

7. Is it your duty as a Tallahassee Police Sergeant to ensure all subordinates on your shift provide you Incident Reports, Use of Force Reports, witness statements or any documents that pertains to a criminal case? If yes, please explain.

8. Please state if you are presently working as a Sergeant for the TPD. If not, please explain in as much detail why.

9. Please state if you are currently employed with the TPD. If not, explain in as much detail why.

10. Please list any disciplinary actions done by administrative officials for your actions in case number CF20124179 on December 29, 2012.

## REQUESTS FOR ADMISSION

1. Please admit that you verified Officer Jamie Martinez Incident Report on Dec. 30, 2012 at 01:59.

2. Please admit that you verified Officer Carissa Beck Incident Report on Dec. 31, 2012 at 01:03.

3. Please admit that by verifying Officer Jamie Martinez and Officer Carissa Beck Incident Report you were aware that Officer Jody Fruchntnicht was the primary officer that tased and arrested Plaintiff on December 24, 2012.

Signed:________________________ Date:__________________

BEFORE ME, the undersigned authority, did this day personally DAVID E. McRANIE, personally known to me or who produced the below listed form of identification and, after being duly sworn, says that he is the person to whom the foregoing Interrogatories were directed, and that the answers thereto are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this ___ day of ________________, 2016.

(Signature)________________________

(Typed/Printed)____________________

Commission # ____________________

Identification Proffered (Fla. Stat. § 117.05(5)(b)(2)

____ Sworn written statement of credible witness, who is known by Notary that states the witness personally knows the Affiant;

Or one of the following (issued within the past five (5) years):

____ State Driver's License (State:__________________________)

____ State Identification card (State:_________________________)

____ U.S. Passport

____ Foreign Passport (Stamped by U.S. Immigrations & Naturalization Services)

____ U.S. Armed Forces Identification card

____ Inmate Identification card issued on or after 1/1/97

Brian C. Hutchins DC#M73979
Everglades Re-Entry
1599 S.W. 187 Ave
Miami Fl, 33194

MAILED FROM
CORRECTIONAL
INSTITUTE

Hasler
10/03/2016
US POSTAGE
$00.56º
ZIP 33194
011D11643770

RECEIVED
EVERGLADES C.I. RE-ENTRY
OCT 03 2016
STAFF INITIALS

BH

United States District Court
Northern District of Florida
Office of the clerk
401 S.E. 1st Avenue, Suite 2[illegible]
Gainesville, FL 32601-680[illegible]