IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C HUTCHINS,

Plaintiff,

v. CASE NO. 4:14-cv-302-MW-GRJ

OFFICER JODY FRUCHNTNICHT,
et al.,

Defendant.
_______________________________/

**O R D E R**

The Court granted Defendants' motion for sanctions for Plaintiff's failure to respond to Defendants' first set of interrogatories served on July 22, 2015, and served again on March 29, 2016. ECF No. 80. The Court determined that pursuant to Fed. R. Civ. P. 37(d)(3), Plaintiff must pay the reasonable attorney's fees and expenses incurred by Defendants in connection with the preparation and filing of the motion for sanctions, and ordered Defendants to file affidavits or other supporting materials evidencing fees and expenses incurred in connection with the motion. *Id*.

This case is now before the Court for a determination of the reasonableness of Defendants' fee request. Counsel for Defendants represents that he expended a total of two hours preparing the motion, and

that a typical and reasonable fee for such matters is $350.00 per hour. Counsel states, however, that the issue of the total amount of fees to be awarded is left to the sound discretion of the Court. *See* ECF No. 88. Plaintiff has not filed a response. Upon due consideration of Defendant's evidence in support of the fee request, and for the following reasons, the Court concludes that counsel is entitled to a fee award in the amount of $350.00.

## DISCUSSION

*Norman v. Housing Authority of City of Montgomery* prescribes the law in the Eleventh Circuit for determining the appropriate award of attorney's fees.[1] Under *Norman*, the Court must multiply the number of hours reasonably expended by a reasonable hourly rate under what is known as the "lodestar" approach.[2] After the Court has determined the "lodestar," the Court may adjust the amount depending upon a number of factors, including the quality of the results and complexity of the litigation.[3] As a starting point, the party seeking attorney's fees begins by submitting

---

[1] 836 F.2d 1292 (11th Cir. 1988).

[2] Id. at 1299, 1302.

[3] Id. at 1302.

evidence of the hours worked. The Court should then exclude (1) excessive or otherwise unnecessary hours, (2) redundant hours, and (3) hours spent on discrete and unsuccessful claims.[4]

Under *Norman*, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."[5] The applicant must submit to the court evidence of the hours reasonably expended on the litigation and if an applicant presents inadequate documentation of the hours expended, then the court may reduce the attorney's fee award accordingly.[6]

Fee opponents also have a role to play in assisting the court in determining the appropriate amount of hours to be included in an award of attorney's fees. Fee opponents must point to hours that should be excluded because they are unnecessary, duplicative, or redundant.[7] In addition, "a fee opponent's failure to explain exactly which hours he views

---

[4] Id. at 1301-02.

[5] Id. at 1303.

[6] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[7] *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) ("Those opposing fee applications have obligations, too. In order to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'").

as unnecessary or duplicative is generally viewed as fatal."[8] Objections and proof to the unreasonableness of requested hours must also be reasonably precise and specific, as the Eleventh Circuit has noted that "[g]eneralized statements that the time spent was reasonable or unreasonable are not particularly helpful and are not entitled to much weight."[9]

The second part of the lodestar analysis is to determine the reasonable hourly rates for the hours for which the fee applicant is seeking attorney's fees. The fee applicant must "supply[] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate."[10] The Eleventh Circuit has stated that "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar

---

[8] *Scelta v. Delicatessen Support Servs., Inc.*, 203 F.Supp. 2d 1328, 1333 (M.D. Fla. 2002); *see also Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997)(noting that mere conclusory objections to hours submitted by the applicant will not suffice to justify exclusion of the hours by the court).

[9] *Norman*, 836 F.2d at 1301 ("As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents."). *See also Nitram, Inc. v. Indus. Risk Insurers*, 154 F.R.D. 274, 277 (M.D. Fla. 1994)("However, the fee opponent has the burden of pointing out with specificity attorney hours that are allegedly redundant."); *Rivera Santiago v. W. G. Roe & Sons, Inc.*, Case No. 8:07-cv-1786-T-27MAP, 2010 WL 2985697, at *3 (M.D. Fla. Feb. 4, 2010) ("Therefore, the hours that Defendants did not raise specific objections to will be accepted.").

[10] *Norman*, 836 F.2d at 1303.

services by lawyers of reasonably comparable skills, experience, and reputation."[11] The prevailing party bears the burden of establishing through satisfactory evidence that the applicant's requested hourly rate is in line with the prevailing market rates in the relevant community.[12] The relevant community is the place where the case was filed.[13] The Court, of course, is itself an expert with regard to the hourly rates charged in the local community.[14]

Counsel for Defendants, Billy J. Hendrix, is the Senior Assistant City Attorney. Counsel has not provided specific information regarding his experience and background. However, based upon the Court's experience with the legal community practicing in federal district courts in Florida, the Court finds that the hourly rate of $350.00 suggested by counsel is within the prevailing market rates for similar services. *See American Civil*

---

[11] *Id*. at 1299.

[12] *Id*.

[13] *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (citing *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)) ("The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'").

[14] *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940))("'The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'").

*Liberties Union of Florida, Inc. V. Dixie County Florida*, 2012 WL 384925 (N.D. Fla. Feb. 6, 2012) (Amended Report and Recommendation, finding that hourly rates of $350 to $400 for experienced counsel was reasonable). Further, the Court finds that the two hours of time expended by Mr. Hendrix was reasonable and represents legal services which were necessary to resolve successfully the issues underlying the motion for sanctions. Therefore, a fee award of $700.00 would be justified.

Although Plaintiff has not responded to counsel's fee affidavit, the Court is mindful of Plaintiff's status as an incarcerated person who is proceeding as an indigent in this case. Accordingly, the Court concludes that it is reasonable under the circumstances to reduce the total fee award by half. The Court therefore concludes that Defendants are entitled to the sum of $350.00 for attorney's fees, representing 2 hours of attorney time at the rate of $350, reduced by half in view of Plaintiff's circumstances and ability to pay.

It is therefore **ORDERED:**

Defendants are awarded attorney's fees in the sum of $350.00 pursuant to the Court's Order awarding attorney's fees to Defendant. ECF No. 80. Plaintiff is directed to submit payment for the attorney's fees to

counsel for the Defendant within thirty (30) days of the date of this Order

**DONE AND ORDERED** this 3rd day of February 2017.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge