IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN C HUTCHINS,

Plaintiff,

v. CASE NO. 4:14-cv-302-MW-GRJ

OFFICER JODY FRUCHNTNICHT,
et al.,

Defendant.
_______________________________/

# **ORDER**

This case is before the Court on ECF No. 90, Plaintiff's motion to compel. Plaintiff contends that Defendants[1] did not provide complete responses to his request for production of documents pertaining to: (1) Any disciplinary action taken against the Defendants following Plaintiff's December 29, 2012, arrest and alleged use of excessive force underlying the Complaint; (2) Defendant Fruchtnicht's conduct or disciplinary record; (3) Any incidents of excessive force at the Tallahassee Police Department; (4) Any insurance policies for the incident in this case; (5) Use of force reports with respect to Plaintiff's criminal case; and (6) Excessive force policies at the TPD. Plaintiff asserts that Defendants have failed to

[1]The only Defendants in this case are individual officers of the TPD.

disclose all of Plaintiff's medical records. Plaintiff contends that Defendants Fruchtnicht and Beck failed to fully respond to an interrogatory asking them to describe their job responsibilities and failed to clarify a response to Plaintiff's request for admissions regarding whether Defendants deny Plaintiff's allegations. Lastly, Plaintiff contends that Defendants have failed to "disclose" motions to him by serving him with copies of motions filed with the Court. ECF No. 90.

Plaintiff's motion to compel was filed on December 14, 2016. ECF No. 90. In opposition to the motion, Defendants point out that pursuant to the Court's case management order governing discovery, as amended, any motions to compel should have been filed no later than October 3, 2016. ECF Nos. 28, 77. Thus, the instant motion is due to be denied because it was filed well beyond the expiration of discovery in this case and Plaintiff did not seek leave to extend the discovery period.

Notwithstanding the untimeliness of the motion, Defendants have responded to each of Plaintiff's grounds. ECF No. 93. Defendants represent that they agreed to provide Plaintiff with all of the requested records, conditioned on Plaintiff making arrangement to pay for the copying and subject to an objection to producing a limited portion of the personnel

files of Defendants. Defendants represent that Plaintiff never made financial arrangements to obtain the records. Defendants state that they can provide documents electronically without charge if Plaintiff can arrange for a way to retrieve them.

As to specific requests, Defendants state as follows. In Plaintiff's second request for production of documents, ECF No. 90-2, Request No. 1, Plaintiff sought documents pertaining to the "assault". Defendants represent that they have no documents relating to an "assault" on Plaintiff. Defendants reassert that they will provide documents pertaining to Plaintiff's arrest upon Plaintiff making reasonable arrangement to pay for the copying, and that Plaintiff also already has in his possession the file from his criminal case which includes the documents he is requesting. ECF No. 93 at 3.

In Request No. 2, Plaintiff sought all documents from the beginning of Officer Fruchtnicht's career with TPD that may mention or relate to his conduct or disciplinary history. Officer Fruchtnicht objected to this request. Defendants represent, however, that to the extent that Officer Fruchtnicht's disciplinary history relating to excessive use of force may be discoverable, he has no such disciplinary history. ECF No. 93 at 4.

In Request No. 3, Plaintiff sought documents from January 1, 2008, to the present relating to investigation of complaints of excessive force by other officers. Defendants objected, and further represent that they do not have documents responsive to the request regarding other officers. ECF No. 93 at 4.

Plaintiff's Request No. 4, sought documents reflecting insurance agreements. Defendants advised Plaintiff that the City of Tallahassee is self-insured. *Id*.

Defendants state that Plaintiff's Requests 5 and 6, seeking use of force reports pertaining to Plaintiff's criminal case and use of force policies of the TPD, were the same requests made in Plaintiff's first request for production of documents. Defendants stated that documents regarding Plaintiff's case would be provided upon payment by Plaintiff of reasonable copying costs, and that the individual Defendants have no documents relating to TPD policies. ECF No. 90-2 at 18.

Defendants represent that their interrogatory responses and responses to requests for admission were complete as made. The challenged interrogatory responses relate to Defendants' description of their duties. Defendants responded that their job duties include "all duties

expected of a patrol officer." ECF No. 90-2 at 11, 15. With respect to Plaintiff's request for admissions, Defendant Fruchtnicht denied that he did not file a use of force report, and denied that he was being "aggressive and violent" to Plaintiff and other law enforcement officers. ECF No. 90-2 at 9, 22. Officer Beck denied that on the date of the arrest she "assisted" Fruchntnicht. *Id*. at 5, 20. Plaintiff has failed to show that there is a basis for compelling any further responses to these discovery requests.

With respect to medical documents, Defendants represent that additional documents received from the Everglades Pre-Release Correctional Institution were provided to Plaintiff by mail on December 23, 2016. Defendants concede that it was an oversight not to provide these documents at an earlier time. ECF No. 93 at 5. Plaintiff's motion to compel on this point is moot.

Lastly, Defendants represent that all filings made with the Court have been mailed to Plaintiff. *Id*. Plaintiff has made no showing to the contrary.

Accordingly, for the foregoing reasons, it is **ORDERED:**

Plaintiff's motion to compel, ECF No. 90 is **DENIED**.

**DONE AND ORDERED** this 3rd day of February 2017.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge